PEOPLE v MEIR

1. CRIMINAL LAW—PROSECUTORS—IMPROPER REMARKS—CURES—
   TIMELY OBJECTIONS—CAUTIONARY INSTRUCTIONS.

   No miscarriage of justice occurs where the prejudicial effect of an
   improper remark by a prosecutor could have been cured by a
   timely objection and a cautionary instruction.

2. APPEAL AND ERROR—PROSECUTORS—IMPROPER REMARKS—REVERSI-
   BLE ERRORS—RESPONSES—PRESMPTION OF INNOCENCE.

   Improper argument by a prosecutor primarily in response to
   remarks of defense counsel will not result in reversible error,
   but where the prosecutor is not so justified, remarks which
   encourage the jury to convict a defendant in order to enhance
   or further law enforcement efforts designed at curbing narcot-
   ics traffic and which convert the presumption of innocence into
   a presumption of guilt by appealing to the jurors to perform a
   civic duty to support the police are offensive to the mainte-
   nance of sound judicial process and require reversal.

3. CRIMINAL LAW—DEFENSE OF ENTRAPMENT—OBJECTIVE TESTS—PRE-
   DISPOSITION OF DEFENDANTS.

   The Supreme Court has adopted an objective theory of entrap-
   ment under which the predisposition of a defendant to commit
   the crime cannot be considered by the trial court; the trial
   court must focus upon the specific actions of the police at the
   time in question, and whether those actions would have in-
   duced a "hypothetical defendant" to commit a crime he other-
   wise would not have committed.

Appeal from Ingham, James T. Kallman, J.
Submitted January 14, 1976, at Lansing. (Docket
No. 23252.) Decided February 26, 1976.

Robert L. Meir was convicted of delivery of

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 906, 909.
[2] 29 Am Jur 2d, Evidence §§ 224–226.
[3] 21 Am Jur 2d, Criminal Law §§ 143–145.

heroin. Defendant appeals. Reversed and re-manded.

. *Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *Lawrence J. Emery* and *Robert B. Nelson,* Assistants Prosecuting Attorney, for the people.

*Reid & Reid, P. C.,* for defendant.

Before: N. J. KAUFMAN, P. J., and T. M. BURNS and M. F. CAVANAGH, JJ.

PER CURIAM. After jury trial, defendant was found guilty of the offense of delivery of heroin, MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a). He was sentenced to a term of from 5 to 20 years in prison and appeals of right. Defendant claims that the prosecuting attorney's remarks to the jury were prejudicial, inflammatory, and irrelevant, deprived him of a fair trial and require that his conviction be reversed. We agree.

The principal prosecution witness was a former drug addict and paid police informant. The witness testified that he was receiving money from the police for a series of investigations regarding narcotics traffic in the state, and that on the day in question he and an undercover police officer purchased heroin from the defendant, who himself was a user. In his closing argument, the prosecution defended the actions and credibility of this witness, informing the jury that the use of the so-called confidential informant was the only way to stop narcotics traffic in the state. Defense counsel, in his closing argument, asked the jury not to convict the defendant, since he and the informer were essentially the same type of individual, the

only difference being that the informer had managed to shake his habit and go to work for the police. He also argued that the Controlled Substances Act was to combat the big pusher of narcotics, and not simple users like the defendant. Defense counsel's argument was basically an appeal to the sympathy of the jury.

In rebuttal argument, the prosecutor ridiculed defense counsel's theory of equal justice, asking the jury how the defendant had ever benefited the community except by his delivery of heroin. The prosecutor asked the jury who the ultimate victim of this offense would be, stating that some day the defendant might have to sell heroin to the prosecutor's children or even the children of the jurors in order to support his habit. Upon timely objection by defense counsel, the trial judge told the prosecutor to stay with the evidence, but did not instruct the jury to disregard this remark. The prosecutor then warned the jury that if they returned a verdict of not guilty, they were condoning drug usage and forbidding the police from using confidential informants. The result would be that the defendant would tell all his friends that they could continue to sell narcotics. Defense counsel again objected, and the judge chastised the prosecutor, again without instructing the jury to disregard this inflammatory remark. In his charge to the jury, the judge did inform them that the comments and remarks of the attorneys could not be considered evidence.

Where the prejudicial effect of an improper remark by the prosecutor could be cured by a cautionary instruction, this Court will rule that no miscarriage of justice has occurred. *People v Blassingame,* 59 Mich App 327, 336; 229 NW2d 438 (1975). In that case, the prosecutor had asked the

jury to weigh the security of society in their deliberations, noting that if defendant had committed the crime in question, the jury should consider whether he might not continue to engage in this type of violent crime, rape. This Court stated that the remark was improper, but noted that the jury was emphatically instructed that the comments and argument of counsel are not evidence. In other contexts, we have noted that where the prosecutor has engaged in improper argument primarily in response to remarks of defense counsel, that no reversible error will result. *People v Pomranky,* 62 Mich App 304, 310–311; 233 NW2d 263 (1975). In the *Pomranky* case, the prosecutor's remark was deemed improper, but had been provoked by equally improper remarks of defense counsel. That decision rested upon a line of cases which recognized that, given the intense pressure of litigation, it would be natural for an attorney to reply to improper argument with argument of the same quality. See *People v Allen,* 351 Mich 535, 544; 88 NW2d 433 (1958).

In this case, we find that, unlike the *Pomranky* decision and the cases cited therein, the prosecutor cannot justify his intemperate remarks by alleging that he had a right to reply to those of defense counsel. Although the argument of defense counsel that defendant deserved the sympathy of the jury does not seem appropriate, nevertheless there was nothing improper or prejudicial about such a theory, and the prosecutor had no justification for encouraging the jury to convict this defendant in order to enhance or further law enforcement efforts designed at curbing narcotics traffic. In other contexts, we have noted that the prosecutor cannot be allowed to convert "the presumption of innocence into a presumption of guilt by appealing to

the jurors to perform a civic duty to support the police". *People v Farrar,* 36 Mich App 294, 298; 193 NW2d 363 (1971). We find that the trial judge did not attempt to inform the jury that the prosecutor was acting improperly, and we find that such an instruction, given the repeated efforts of the prosecution to appeal to the prejudices of the jury, would not have cured any prejudice. *Cf. People v Blassingame, supra.* We find that this type of argument is offensive to the maintenance of sound judicial process and requires a reversal of defendant's conviction.

Defendant has raised another issue on appeal, which will certainly be at issue upon retrial. Defendant's primary defense was that of entrapment. A hearing was convened before trial to determine the merits of a motion to dismiss based upon defendant's entrapment defense. Defendant and his mother were the only ones to testify at this hearing. At the conclusion of testimony, the judge found that *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973), in which our Supreme Court adopted the so-called "objective" theory of entrapment, was distinguishable on its facts, since in the instant case there was evidence of prior narcotics transactions between the two men. The trial judge made no comment upon the credibility of defendant. At the close of trial, at which the officers had denied making any effort to persuade the defendant, or that they had pretended to go into withdrawal, the trial judge reaffirmed his decision, without stating any reasons.

*Turner* held that the predisposition of the defendant to commit the crime cannot be considered in the trial court's determination of entrapment. In the instant case, the decision of the trial court is rather ambiguous and we are unable to say that

he adhered to the objectives of the *Turner* case. It does appear that he took into account the defendant's predisposition, since he devoted a large portion of his opinion to talking about defendant's past addiction. As this Court has recently noted, in the context of an entrapment defense, the trial court must focus upon the specific actions of the police at the time in question, and whether they would have induced a "hypothetical defendant" to commit a crime he otherwise would not have committed. *People v Zeegers,* 61 Mich App 546, 550; 233 NW2d 76 (1975). See also *People v Soper,* 57 Mich App 677, 679; 226 NW2d 691 (1975), *United States v Sawyer,* 210 F2d 169 (CA3, 1954), and *People v Fraker,* 63 Mich App 29; 233 NW2d 878 (1975). Upon retrial of this cause the trial court should clearly employ the "objective" test in determining whether the actions of the police herein constituted entrapment.

Reversed and remanded for a new trial.