PEOPLE v LEMANSKI

Docket No. 77-4226. Submitted October 5, 1978, at Escanaba.—Decided November 7, 1978.

Karen Lemanski was convicted of fraudulently receiving aid to dependent children support payments, Sanilac Circuit Court, Allan E. Keyes, J. The defendant appeals, alleging that certain remarks of the prosecutor constituted an improper appeal to the jurors' civic duty and to their individual financial interests as taxpayers. *Held:*

The remarks of the prosecutor were improper; however, the remarks were not such as to give rise to a miscarriage of justice. Therefore, the unobjected to remarks were harmless error.

Affirmed.

R. M. MAHER, J., dissented. He would hold that the remarks were so prejudicial that a curative instruction would not have removed the prejudice to the defendant. He would reverse.

OPINION OF THE COURT

1. CRIMINAL LAW—WELFARE FRAUD—REMARKS BY PROSECUTOR— HARMLESS ERROR—FAILURE TO OBJECT—MISCARRIAGE OF JUSTICE.

Remarks by a prosecutor during a defendant's trial for fraudulently receiving aid to dependent children support payments which constitute an appeal to the jurors' civic duty and to their individual interests as taxpayers are improper; however, such remarks are harmless error where no objection has been made to the remarks and a curative instruction would have cured any prejudice to the defendant, unless there has been a miscarriage of justice shown.

DISSENT BY R. M. MAHER, J.

2. CRIMINAL LAW—WELFARE FRAUD—PROSECUTOR'S REMARKS—CURATIVE INSTRUCTION—FAILURE TO OBJECT.

*Remarks by a prosecutor during a defendant's trial for fraudu-*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 75 Am Jur 2d, Trial §§ 300, 301, 317.

Counsel's appeal in civil case to self-interest of jurors as taxpayers, as ground for mistrial, new trial, or reversal. 33 ALR2d 442.

*lently receiving aid to dependent children support payments which constitute an appeal to the jurors' civic duty and to their individual interests as taxpayers are improper and should be the basis for reversing the defendant's conviction, despite the defendant's failure to object, where the prejudice caused by the remarks could not have been cured by a curative instruction to the jury.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *J. Anthony Sykora,* Prosecuting Attorney, and *Philip E. Lomason,* Assistant Prosecuting Attorney, for the people.

*Brisbois & Sturtz,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and D. E. HOLBROOK and R. M. MAHER, JJ.

PER CURIAM. Defendant was convicted of fraudulently receiving aid to dependent children support payments in violation of MCL 400.60; MSA 16.460. On September 19, 1977, she was sentenced to two years probation, the terms of which included a fine, court costs and restitution. A six-month county jail sentence was to be imposed if defendant failed to satisfy the terms of probation.

Defendant appeals, objecting to certain remarks of the plaintiff, which defendant contends constituted an improper appeal to the jurors' civic duty and to their individual financial interests as taxpayers. While the remarks to which the defendant now objects were improper, the prosecutor's argument clearly was not such as to give rise to a "miscarriage of justice". *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972), *People v Small,* 67 Mich App 580, 586; 242 NW2d 442 (1976). See also MCL 769.26; MSA 28.1096. Neither was the plaintiff's argument comparable to the very preju-

dicial course taken by the prosecutor in *People v Gloria Williams,* 65 Mich App 753; 238 NW2d 186 (1975), or *People v Biondo,* 76 Mich App 155; 256 NW2d 60 (1977), *lv den,* 402 Mich 835 (1978).

In reviewing the evidence, we find that the proofs of the people for conviction were overwhelming. Further, defendant made no objection to the plaintiff's remarks at trial; the remarks were not so heinous that their effect could not have been cured by a cautionary instruction. Therefore, we find the unobjected-to remarks to be harmless error. *People v Small,* at 585–586 and cases cited therein. *People v Swan,* 56 Mich App 22; 223 NW2d 346 (1974).

*People v Miller,* 49 Mich App 53; 211 NW2d 242 (1973), and *People v Hatfield,* 46 Mich App 149; 207 NW2d 485 (1973), have no application to the case at bar, since the late filing of a brief does not constitute an admission. Defendant's additional claims of error are without merit, under MRE 801(c) and *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975).

Affirmed.

R. M. Maher, J. *(dissenting).* I respectfully dissent, for I cannot agree that the prosecutor's remarks in this case were so inoffensive that they can be considered harmless.

In his opening statement, the prosecuting attorney characterized the offense with which defendant was charged as receiving "Department of Social Services' money, welfare money, tax money, your money and my money fraudulently". In his closing arguments, he returned to this theme, saying:

"Now, we all know where the A.D.C. money comes from, you're all paying for it, there are people who need

it desparately. Those people are entitled to it but those people that take advantage of the system must be stopped and I am asking you to stop them."

This is the sort of civic duty argument which has long been condemned by this Court, *People v Farrar*, 36 Mich App 294; 193 NW2d 363 (1971), *People v Meir*, 67 Mich App 534; 241 NW2d 280 (1976).

Not content with this improper argument, the prosecutor thereafter sought to bolster his case by putting the prestige of his office behind it, saying:

"I am an agent for the State, you are the State, you are the people of the State. I am, therefore, your agent, Mrs. Lemanski's agent as well. I have a duty to present the facts to you clearly, not deceptively. Not to create any smoke screens, not to deviate, but to present them to you as clearly as possible."

Such remarks are also improper, *People v Humphreys*, 24 Mich App 411; 180 NW2d 328 (1970), *People v Erb*, 48 Mich App 622; 211 NW2d 51 (1973).

Subsequently, he urged the jury in evaluating the actions of Department of Social Services employees to remember that "they work for us, too". Then, returning to his original theme, the prosecutor said:

"[W]e don't want people to go hungry, to starve, no shelter, to go unclothed. For her to take advantage of this deprives other people and she did take advantage of it."

This is not a case of an isolated remark which could have been cured by an instruction had defendant timely objected, *cf. People v Blassingame*, 59 Mich App 327; 229 NW2d 438 (1975). In this

case "an instruction, given the repeated efforts of the prosecution to appeal to the prejudices of the jury, would not have cured any prejudice". *People v Meir, supra,* at 538.

I agree with Judge (now Justice) Levin's comment in *People v Farrar, supra,* at 299:

"Unless we enforce the rules we encourage their violation and add to the burden of the appellate courts. Our frequent strictures against this kind of argument mean little unless we are prepared to reverse and require a new trial."

I would reverse.