PEOPLE v BASS

Docket No. 77-2460. Submitted January 10, 1979, at Detroit.—Decided March 6, 1979.

Jerry L. Bass was convicted of unarmed robbery and as a fourth-time habitual offender in Recorder's Court of Detroit, Joseph A. Gillis, J. He was sentenced to a term of 10 to 15 years imprisonment for the robbery and 20 to 30 years on the habitual offender conviction. Defendant appeals both the robbery conviction and the habitual offender supplementation. On appeal, defendant claims (1) that the trial judge, prior to the unarmed robbery trial, erred in refusing to permit defense counsel to question a prospective juror about her employment, (2) that error occurred as a result of the trial judge's refusal to question a juror as to whether she believed that because defendant was on trial he must have committed some crime, (3) that the prosecutor's closing argument to the jury in the unarmed robbery trial consisted of "civic duty" statements which constitutes reversible error even in the absence of objection, (4) that the trial judge erred in refusing his request for a new court-appointed attorney for the habitual offender trial, and (5) that he should not have been allowed to proceed *pro se* at the habitual offender trial because of his incompetence. *Held:*

1. On voir dire, a trial judge may exclude matters relating to a juror's employment where this information is readily availa-

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Jury §§ 198-202, 212.

Examination of prospective jurors under Rule 24(2) of Federal Rules of Criminal Procedure. 28 ALR Fed 26.

[2] 47 Am Jur 2d, Jury § 265 *et seq.,* 321.

[3] 47 Am Jur 2d, Jury §§ 268-321.

Examination of prospective jurors under Rule 24(2) of Federal Rules of Criminal Procedure. 28 ALR Fed 26.

[4] 47 Am Jur 2d, Jury § 212.

Examination of prospective jurors under Rule 24(2) of Federal Rules of Criminal Procedure. 28 ALR Fed 26.

[5] 75 Am Jur 2d, Trial § 280.

[6] 75 Am Jur 2d, Trial § 280.

[7] 21 Am Jur 2d, Criminal Law §§ 318, 319, 321, 323.

[8] 21 Am Jur 2d, Criminal Law §§ 316-318.

ble to counsel through the use and review of juror questionnaires.

2. A trial judge is not required to ask questions precisely as requested by counsel in the voir dire of prospective jurors and no error was committed where counsel failed to object and the questions that were asked by the judge provided sufficient information for counsel to challenge prospective jurors.

3. An objection to the prosecutor's comments by defense counsel and a curative instruction cautioning the jury to disregard the comments would have been sufficient to cure any remaining prejudice; in the absence of an objection, the Court of Appeals will not reverse a conviction based upon a prosecutor's closing argument where the claimed prejudice could have been avoided by a curative instruction.

4. Notice of a breakdown in the attorney-client relationship between defendant and his appointed counsel was brought to the attention of the trial judge by a letter written to him by the defendant and by defendant's in-court complaints and ramblings. The trial judge erred in failing to make inquires into the dispute between defendant and his attorney. A trial judge should appoint different counsel for an indigent defendant if there is a legitimate difference of opinion as to a fundamental trial tactic and where this breakdown in the attorney-client relationship occurs the judge is obligated to inquire whether defendant's allegations are true and should inquire as to whether defense counsel could continue to effectively represent the defendant.

5. The trial judge was put on notice of defendant's incompetence by defendant's difficulty in articulating his ideas and by his ramblings and often incoherent statements. A decision to waive counsel must be knowingly, intelligently and voluntarily made and the competence of a defendant is a pertinent consideration in making this determination. The defendant was not competent to represent himself at the habitual offender proceeding and it was error to allow the defendant to proceed *pro se.*

Defendant's conviction of unarmed robbery is affirmed. The sentence imposed for the habitual offender conviction is vacated and the previous sentence imposed for the unarmed robbery conviction is reinstated.

1. Jury — Voir Dire — Judge's Discretion — Abuse of Discretion
   — Appeal and Error.
   The scope of voir dire examination of jurors is left to the discre-

tion of the trial judge and will not be disturbed absent an abuse of that discretion.

2. JURY — PROSPECTIVE JURORS — QUESTIONNAIRES — PERSONAL BACKGROUND — EMPLOYMENT — EXAMINATION OF QUESTIONNAIRES — COURT RULES.

Prospective jurors are required to fill out a questionnaire concerning the person's personal background including the place of employment and attorneys may examine these questionnaires for a reasonable time before being called upon to challenge jurors for cause (GCR 1963, 510, 510.3[2]).

3. JURY — VOIR DIRE — PROSPECTIVE JURORS — QUESTIONNAIRES — EMPLOYMENT — AVAILABILITY OF INFORMATION.

A trial judge may expedite trial progress by limiting the voir dire of prospective jurors by excluding matters relating to a juror's employment where this information was readily available to counsel through juror questionnaires.

4. JURY — CRIMINAL LAW — PROSPECTIVE JURORS — VOIR DIRE — PRECISE QUESTIONS — FAILURE TO OBJECT — APPEAL AND ERROR.

The failure of a trial judge to ask a question precisely as requested by counsel in the voir dire of prospective jurors does not constitute error where counsel failed to object and the questions that were asked by the judge provided sufficient information for counsel to challenge the prospective jurors.

5. CRIMINAL LAW — PROSECUTOR'S IMPROPER ARGUMENT — CIVIC DUTY — CLOSING ARGUMENT.

The Court of Appeals has consistently condemned the use of "civic duty" appeals by a prosecutor in closing argument.

6. CRIMINAL LAW — PROSECUTOR'S REMARKS — PREJUDICE — OBJECTIONS — INSTRUCTIONS TO JURY — CURATIVE INSTRUCTIONS.

The Court of Appeals, in the absence of an objection, will reverse a conviction based upon a prosecutor's improper closing argument only where the prejudice could not have been rectified by a curative instruction.

7. CRIMINAL LAW — INDIGENTS — APPOINTED COUNSEL — BREAKDOWN IN RELATIONSHIP — SUCCESSOR COUNSEL.

An indigent defendant's basic right to representation by counsel encompasses the right to the appointment of different counsel when a legitimate difference of opinion develops between the defendant and his appointed counsel as to a fundamental trial tactic; where a defendant alleges the existence of a dispute

leading to a destruction of communication and a breakdown in the attorney-client relationship, the judge is obligated to inquire whether such allegations are true.

8. CRIMINAL LAW — WAIVER OF COUNSEL — DEFENDANT'S COMPETENCE.

A trial judge has an obligation to determine that a defendant's decision to waive his right to counsel is knowingly, intelligently and voluntarily made and the competence of the defendant is a pertinent consideration in making this determination.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Kraizman & Kraizman,* for defendant on appeal.

Before: BRONSON, P.J., and R. M. MAHER and J. T. LETTS,* JJ.

PER CURIAM. On January 5, 1977, defendant was found guilty of the offense of unarmed robbery, MCL 750.530; MSA 28.798, and was sentenced to a term of 10 to 15 years imprisonment. He was then arraigned on a supplemental information charging him as a fourth-time habitual offender, MCL 769.12; MSA 28.1084. On April 18, 1977, defendant was convicted of this charge and was resentenced to a term of 20 to 30 years imprisonment. He now appeals as of right, challenging both the unarmed robbery conviction and the habitual offender supplementation.

Testimony at the unarmed robbery trial established that defendant grabbed the purse of the complainant, Lucy Jakubowicz, and pulled it away from her, knocking her to the ground. A bystander to this offense pursued defendant, apprehended

---

* Circuit judge, sitting on the Court of Appeals by assignment.

him, and turned him over to the police. Defendant subsequently confessed to the crime.

Defendant initially contends that the trial judge erred in limiting defense counsel's voir dire of the jury prior to the unarmed robbery trial. Specifically, he argues that the trial judge improperly refused to permit defense counsel to question a juror about her employment. He further contends that error occurred as a result of the trial judge's refusal to question another juror as to whether she believed that because he was on trial defendant must have committed some crime.

The scope of voir dire examination of jurors is left to the discretion of the trial judge and will not be disturbed absent an abuse of that discretion. *People v Harrell,* 398 Mich 384, 388; 247 NW2d 829 (1976). GCR 1963, 510 requires prospective jurors to fill out a questionnaire containing inquiries concerning the person's personal background, including her place of employment. GCR 1963, 510.3(2) permits attorneys to examine the questionnaires for a reasonable time before being called upon to challenge jurors for cause.

In light of the availability of the information sought by defense counsel, we find no error in the trial judge's attempt to expedite matters by limiting voir dire to exclude matters relating to the juror's employment. If defense counsel believed this information was necessary in order to intelligently exercise his challenges to the jury panel, he could have moved for an adjournment to review these questionnaires. See *People v Heard,* 31 Mich App 439, 442; 188 NW2d 24 (1971), *rev'd on other grounds* 388 Mich 182; 200 NW2d 73 (1972).

Nor did error occur as a result of the judge's refusal to question a juror as to her belief that defendant must have committed some crime or he

wouldn't be on trial. Instead of asking the proffered question, the trial judge instructed the jury on the presumption of innocence and the fact that an arrest is not evidence of guilt. Then, he asked the entire jury if they could abide by these principles. No objection to this manner of questioning was made by defense counsel.

We believe the question asked was sufficient to afford defense counsel information necessary to challenge the prospective jurors. *People v Harrell, supra,* at 393. The failure of the trial judge to ask the question precisely as requested does not constitute error. *People v Jolly,* 51 Mich App 163, 166; 214 NW2d 849 (1974).

*People v Milkovich,* 31 Mich App 582; 188 NW2d 124 (1971), relied on by defendant, is inapplicable to this case. There, the judge ordered the jury to follow his instructions and then asked which of the jurors was unwilling to do so. In the present case, the instruction and question were not stated in such a way as to intimidate jurors from expressing their biases.

Defendant next challenges the propriety of some statements in the prosecutor's closing argument at the unarmed robbery trial. He contends these statements consisted of a "civic duty" argument and that such arguments constitute reversible error even in the absence of an objection.

At the end of his closing argument the prosecutor said:

"Ladies and gentlemen, keep this in mind that this is not just Mrs. Jakubowicz' case. This case is the People of the State of Michigan against Jerry Lorenzo Bass. That is you, that is me, that is everybody in this courtroom; and we have an interest in seeing to it that those people in our community who are infirmed, who like Mrs. Jakubowicz are alone, people who are not

strong enough or tough enough to protect themselves from violence on the street. All those people have an interest in seeing that justice is done.

"I ask you, ladies and gentlemen, to return a verdict that is consistent with justice in this case, and that is guilty as charged.

"Thank you."

No objection was made to this line of argument.

In rebuttal the prosecutor clarified his previous argument by stating:

"When I ask you to return a verdict of guilty in this case, I am not asking you to convict Mr. Bass just because an elderly woman was mugged on the street.

"The reason I'm asking you for a verdict of guilty as charged in this case is that all of the evidence indicates that this man and this man alone is responsible for attacking Mrs. Jakubowicz and taking her purse.

"Thank you."

Subsequently the jury was instructed that the comments of the attorney are not evidence and defense counsel stated his general satisfaction with the instructions.

We do not believe the prosecutor's comments constituted reversible error in this case. It is true that this Court has consistently condemned the use of "civic duty" appeals by the prosecutor in closing argument. See *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971), *People v Gloria Williams,* 65 Mich App 753; 238 NW2d 186 (1975), *People v Meir,* 67 Mich App 534; 241 NW2d 280 (1976), and *People v Biondo,* 76 Mich App 155; 256 NW2d 60 (1977). It is also true that the prosecutor's initial comment falls within that class of arguments which this Court has condemned.

However, in the absence of an objection, this Court will reverse a conviction based upon a prose-

cutor's improper closing argument only when the prejudice could not have been rectified by a curative instruction. *People v Blassingame,* 59 Mich App 327, 335; 229 NW2d 438 (1975). In the present case the prejudice created by the prosecutor's initial comments was substantially reduced by his subsequent clarification. It was further reduced by the trial judge's instruction regarding the weight to be given the argument of attorneys. In light of these circumstances, we conclude that had defense counsel objected to the prosecutor's comments, a curative instruction cautioning the jury to disregard the comments would have been sufficient to cure any remaining prejudice.

Defendant next contends that the trial judge erred in refusing his request for a new court-appointed attorney for the habitual offender trial. He further contends that defendant was not competent to proceed *pro se* at this proceeding.

Prior to the unarmed robbery trial defendant's first two court-appointed attorneys withdrew from the case. Monsey Wilson was then appointed to represent defendant and did so through his initial sentencing for the unarmed robbery. After the robbery trial defendant wrote a letter to the trial judge in which he expressed his dissatisfaction with his attorney's representation during that trial. He indicated that there was a disagreement between them as to how to handle the defense at the unarmed robbery trial.[1]

The trial judge treated this letter as a motion for a new trial. On April 18, 1977, the date sched-

---

[1] Defendant's letter is replete with case citations and quasi-legal arguments. Much of it appears to be copied from some other source. He does specifically allege that defense counsel used a trial strategy that he knew would result in a guilty verdict. He further takes issue with defense counsel's decision not to bring out defendant's tuberculosis at trial. In general he claims to have been denied the effective assistance of counsel.

uled for the habitual offender proceeding, he denied the motion. Defendant then vehemently expressed his dissatisfaction with attorney Wilson and requested that a new attorney be appointed.[2] Trial counsel also made a motion to withdraw based upon defendant's desire for a new attorney. In response, the trial judge gave the defendant a choice between representing himself and continuing to be represented by Mr. Wilson. At this point defendant commenced a protracted and usually incoherent argument with the trial judge.[3] Ultimately, defendant agreed to represent himself and defense counsel was excused. Defendant then sought an adjournment so that he could prepare for the trial. The trial judge denied this request and proceeded with the habitual offender trial, where defendant was found guilty as charged.

The general rule regarding the substitution of attorneys is stated in *People v Charles O Williams,* 386 Mich 565, 574; 194 NW2d 337 (1972):

"We believe the basic right to representation by counsel, made so clear by *Gideon v Wainwright,* 372 U.S. 335, 344 [9 L Ed 2d 799, 805, 83 S Ct 792, 796, 93 ALR 2d 733], encompasses the right to the appointment of different counsel when a legitimate difference of opinion develops between a defendant and his appointed counsel as to a fundamental trial tactic. When this occurs, the defendant is entitled to a reasonable continuance in order to effectuate a change of attorneys

---

[2] Originally defendant requested that Sienna Larene of the Federal Defender's Office be contacted. He claimed that she had promised to give him assistance. An inquiry into this matter revealed that she no longer worked for the Federal Defender's Office and that she had made no such promise.

[3] The matters brought out by defendant include: his not facing the jury at the robbery trial; his alleged lawsuit against the Wayne County Jail; abuse at the Wayne County Jail, including the injection of hallucinogens into his food; his physical and mental ailments at the time of his arrest; and his attorney's failure to effectively represent him at the unarmed robbery trial.

and obtain the representation by counsel he is entitled to have under the Constitution."

This rule has been applied so as to require the appointment of new counsel when there is a dispute as to the use of an alibi defense at trial, *People v Hooper,* 82 Mich App 713; 267 NW2d 162 (1978). In addition, when defendant alleges the existence of a dispute leading to a destruction of communication and a breakdown in the attorney-client relationship, the judge is obligated to inquire whether such allegations are true. *People v Wilson,* 43 Mich App 459, 461-463; 204 NW2d 269 (1972).

We believe the trial judge erred in failing to make further inquiries into the dispute between defendant and his attorney. Defendant's displeasure with his representation by Mr. Wilson was brought to the attention of the trial judge both in the letter written by defendant and defendant's ramblings prior to the habitual offender proceeding. Although defendant's complaints related to Mr. Wilson's representation of defendant at the prior robbery trial, the implication of defendant's complaints was that there presently was a breakdown in the attorney-client relationship. However, no inquiry was made as to whether defense counsel could continue to effectively represent defendant. As in *People v Wilson, supra,* the trial judge instead assumed that defendant's allegations were without foundation and offered him a choice of proceeding with his present lawyer or proceeding *pro se.*

This error was further compounded upon defendant's decision to proceed in his own behalf. The trial judge has an obligation to determine that defendant's decision to waive his right to counsel is knowingly, intelligently and voluntarily made. *People v Anderson,* 398 Mich 361; 247 NW2d 857

(1976). Defendant's competence is a pertinent consideration in making this determination. *Anderson, supra,* at 368. In light of defendant's difficulty in articulating his ideas and his rambling and often incoherent statements,[4] we conclude that defendant was not competent to represent himself at the habitual offender proceeding. See also *People v Wilson, supra,* at 461, fn 1.

Therefore, we conclude that the habitual offender supplementation to defendant's sentence must be vacated and the case remanded to the trial court. Should the habitual offender charge against defendant be reinstituted,[5] defendant is entitled to have a new attorney appointed to represent him.

Defendant's conviction of unarmed robbery is affirmed. The sentence imposed for the habitual offender conviction is vacated and the previous sentence imposed for the unarmed robbery conviction is reinstated.

---

[4] A good example of defendant's ramblings is the following:

"THE DEFENDANT: When we think about convictions, we think about fairness, you see, and to go along with the conviction, not so much that we convicted a man because of his ignorance of the law, okay, or the things that you people that put into society and the fact that you are really just letting a lot of things happen in order that you might be able to work and function and whatnot, you know.

"See, this is what we got to look at, the thing that systematically be put into the child's mind. You know, that wasn't me, that was another person's mentality. My mentality is the mentality of a righteous Muslan (spelling) M-u-s-l-a-n, and I would like at this time to again request a thousand times for the government to come in here and look at my papers. They already have information in regards to your court and the county jail and everything else. They said they would be here if I needed them.

"Just let me get to your phone. You don't even have to call them. I'll call them. Can you call the government?"

[5] We note that on appeal defendant alleges that one of the offenses supporting his habitual offender conviction was in fact a misdemeanor. We express no opinion on the accuracy of this claim. However should the prosecutor subsequently reinstitute the habitual offender charge, the trial judge should take care to insure that the charge is based upon prior conviction for *felonies,* as required by MCL 769.10-769.13; MSA 28.1082-28.1085.