# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 12, 2015

Plaintiff-Appellee,

v

No. 320033
Kalamazoo Circuit Court
LC No. 2013-000062-FC

MICHAEL DIABOLIS GRIFFIS,

Defendant-Appellant.

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of two counts of first-degree criminal sexual conduct, MCL 750.520b(2)(b). He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 50 to 75 years' imprisonment for both convictions. Defendant appeals by right. We affirm defendant's convictions but remand to the trial court for resentencing or re-articulation of its sentence and for review of defendant's jail credit.

Defendant argues that the trial court erred in denying his November 22, 2013 motion for the appointment of new counsel. "A trial court's decision regarding substitution of counsel will not be disturbed absent an abuse of discretion." *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001). An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

In *Traylor*, 245 Mich App at 462, quoting *People v Mack*, 190 Mich App 7, 14, 475 NW2d 830 (1991), we explained:

> An indigent defendant is guaranteed the right to counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process.

On November 22, 2013, defendant moved the trial court for the appointment of new counsel on the ground that his relationship with Eusebio Solis, his trial counsel, had broken down. Specifically, defendant alleged that he had lost confidence in Solis and had, in fact,

-1-

threatened him. The trial court held a hearing regarding defendant's motion and denied it from the bench.

On appeal, defendant argues that the trial court erred when it denied his motion because Solis was not attentive to his case, and he threatened Solis. Although the record showed that there had been long periods of time between Solis' visits with defendant, it also showed that Solis made significant efforts on defendant's behalf. Thus, the record does not support the existence of good cause based on a lack of diligence or interest on Solis' part. *People v Ginther*, 390 Mich 436, 441-442; 212 NW2d 922 (1973). Defendant correctly notes that the record confirms that defendant made threats against Solis to sheriff deputies. But even after acknowledging defendant's threat against him, Solis told the trial court that he was ready for trial and that it would be easier for him if defendant was by his side assisting him. Defendant acknowledged that Solis was competent and told the trial court that he did not have a problem with cooperating with Solis' preparations for trial. So, while defendant threatened Solis before the November 25, 2013 hearing, both defendant and Solis indicated to the trial court that they were willing to work together on the impending trial. These statements strongly indicated that there had not been a "breakdown in the attorney-client relationship," *People v Bass*, 88 Mich App 793, 802; 279 NW2d 551 (1979), or a legitimate difference of opinion regarding fundamental trial tactics, *Mack*, 190 Mich App at 14. Because defendant did not demonstrate good cause, the trial court did not abuse its discretion in denying his motion for new counsel. *Traylor*, 245 Mich App at 462.

Defendant also argues that the trial court erred in admitting evidence under MCL 768.27a(1), which provides in relevant part that "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant."[1] Evidence offered under MCL 768.27a is subject to MRE 403. *People v Watkins*, 491 Mich 450, 486; 818 NW2d 296 (2012). MRE 403 provides that: "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Courts should consider the following non-exhaustive factors when deciding whether to exclude admissible evidence under MCL 768.27a for unfair prejudice under MRE 403:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488.]

Admission of evidence under MCL 768.27a is reviewed for an abuse of discretion. *Id*. at 467.

---

[1] Defendant does not dispute that the elements present in MCL 768.27a(1) existed in this case.

In this case, the victim testified that during 2008 and 2009, she and her siblings visited defendant at a home he shared with his girlfriend. The victim testified that on one occasion, she was watching television with defendant when she fell asleep. When the victim awoke, defendant was naked and masturbating while watching a pornographic video. Defendant had the victim remove her pants, and he licked her vagina. On another occasion, defendant told the victim to go to his room in the upstairs of the house. Five minutes later, defendant entered his room, made the victim remove her pants, and again licked her vagina.

After the victim testified at trial, the trial court held an evidentiary hearing to address the admission of the testimony of the daughter of defendant's girlfriend under MCL 768.27a. The girlfriend's daughter was to testify that that there was an incident when defendant told her to lie down on a couch. After the girlfriend's daughter lay on her back, defendant went "up and down" on her "girl parts" with his penis. During the incident, defendant had his girlfriend's daughter watch a pornographic video. After defendant stopped going up and down on her, he sat down and told the girl to suck his penis. Defendant then "peed" in her mouth. Defendant objected to the admission of the girlfriend's daughter's testimony on the ground that her testimony was unreliable and, therefore, unfairly prejudicial under MRE 403. After the evidentiary hearing, the trial court admitted the girlfriend's daughter's testimony under MCL 768.27a.

On appeal, defendant reiterates his argument that his girlfriend's daughter's testimony was unreliable and, therefore, unfairly prejudicial under MRE 403. Specifically, defendant argues that the girlfriend's daughter's testimony was unreliable because both his girlfriend and the victim's mother ended their relationships with him on bad terms. In support of that argument, defendant references evidence that showed that his girlfriend talked to her daughter before her daughter revealed defendant's abuse in 2009.

Defendant is correct that the record before the trial court indicated that the girlfriend talked to her daughter before she disclosed defendant's abuse and that the girlfriend told her daughter that defendant "was wrong with what he did to other girls" so that her daughter would "know that [she was] not the only one." Also, the record indicates that the girlfriend's discussion of defendant prompted her daughter to remember more about defendant's behavior. Nonetheless, the daughter's testimony does not indicate that her mother instructed her regarding what to say about defendant, and the daughter's testimony does not indicate that her mother's comments to her directly and specifically crafted her testimony about what defendant did to her. Instead, despite her mother's discussion with her, the daughter's testimony indicated that her own memory of what happened guided her testimony regarding defendant's abuse. Accordingly, the evidence tended to support the reliability of the girlfriend's daughter's testimony.

Moreover, a review of the other factors found in *Watkins* shows that the girlfriend's daughter's testimony was not unfairly prejudicial under MRE 403. The girlfriend's daughter's description of defendant's abuse was somewhat similar to the victim's description of defendant's abuse. The incidents of abuse were also proximate to each other. There was no indication in the trial court that there were intervening acts between defendant's abuse of the victim and defendant's abuse of his girlfriend's daughter. Finally, the girlfriend's daughter's testimony was needed to bolster the credibility of the victim's testimony. The trial court did not abuse its discretion in admitting the girlfriend's daughter's testimony regarding defendant's abuse under MCL 768.27a. *Watkins*, 491 Mich at 467, 487-488.

-3-

Defendant argues that the sentence he received from the trial court under Michigan's sentencing guidelines violated his right to due process of law and the Sixth Amendment as articulated in *Alleyne v United States*, 570 US___, ___; 133 S Ct 2151, 2155; 186 L Ed 2d 314 (2013), that, with respect to mandatory minimum sentences, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." But in *People v Herron*, 303 Mich App 392, 401-404; 845 NW2d 533 (2013), we held that Michigan's sentencing guidelines do not provide for a mandatory minimum sentence based on judicial fact-finding; therefore, *Alleyne*'s holding does not apply to Michigan's sentencing guidelines. *Herron*'s holding is binding under MCR 7.215(C)(2) and (J)(1).

Next, defendant argues that the trial court erred in departing from the sentencing guidelines when it imposed his sentence. Generally, a trial court must impose a minimum sentence within the minimum sentence range under the legislative guidelines. *People v Lopez*, 305 Mich App 686, 689-690; 854 NW2d 205 (2014). However, "[a] court may depart from the appropriate sentence range established under the sentencing guidelines . . . if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." MCL 769.34(3). Reasons for departure are substantial and compelling where they are "objective and verifiable" and "of considerable worth in determining the length of the sentence and . . . keenly or irresistibly grab the court's attention." *People v Smith*, 482 Mich 292, 299; 754 NW2d 284 (2008). A reason is "objective and verifiable" where "the facts to be considered by the court [are] actions or occurrences that are external to the minds of the judge, defendant, and others involved in making the decision, and [are] capable of being confirmed." *People v Abramski*, 257 Mich App 71, 74; 665 NW2d 501 (2003). Whether a factor that may justify an upward departure exists is a factual determination reviewed for clear error. *Babcock*, 469 Mich at 264. Whether a factor is objective and verifiable is reviewed de novo, while whether a factor is a substantial and compelling reason to depart from the sentencing guidelines is reviewed for an abuse of discretion. *Id*. at 264-265. Also, the amount of a trial court's departure is reviewed for an abuse of discretion. *Smith*, 482 Mich at 300.

Here, the trial court departed from defendant's recommended minimum sentence range under the legislative guidelines because of defendant's criminal history and the severity of defendant's actions toward the victim and his girlfriend's daughter. Defendant argues that the trial court's consideration of his criminal history was erroneous because his history had already been taken into account by the sentencing guidelines. Defendant's Presentence Investigation Report (PSIR) revealed the details of his criminal record, which included a juvenile history of five separate offenses and an adult history that included 22 separate offenses. Defendant is correct that he received a PRV score of 140 based on his criminal history; however, while defendant's criminal history translated into 140 PRV points in this case, almost half of those PRV points were not reflected in defendant's recommended minimum sentence range. Even if defendant received 65 fewer PRV points in this case, he still would have received the same recommended minimum sentence range. Accordingly, despite the fact that defendant's history was considered in determining the appropriate sentence range, the trial court did not err in considering that history because the recommended minimum sentence range gave that history inadequate weight. MCL 769.34(3)(b); *People v Harper*, 479 Mich 599, 617; 739 NW2d 523 (2007). Also, defendant's criminal history was objective and verified by the PSIR. Therefore, defendant's criminal history was a substantial and compelling reason for departure because it

was objective, verifiable, and of considerable worth in determining the length of the sentence and keenly grabbed the court's attention. *Smith*, 482 Mich at 299.

Defendant also argues that the trial court's reference to the victim's testimony and girlfriend's daughter's testimony as being the most "damning testimony" the trial court had heard in a criminal sexual conduct case and the trial court's description of defendant's conduct as being "pure evil" were not objective and verifiable because they were not external to the court's mind. In context, however, it appears that the trial court's theme in referencing the damning nature of the testimony against defendant and the severity of defendant's conduct is that defendant's actions toward the victim and the girlfriend's daughter constituted a reason for departure in this case. But the trial court's scoring of the offense variables considered the number of defendant's sexual penetrations, defendant's predatory conduct, and the psychological injury to the victim. Thus, the if the trial court's upward departure from the guidelines was because of defendant's actions toward the victim and his girlfriend's daughter, the departure was improper because defendant's actions had already been taken into account in determining the appropriate sentence range, and the trial court provided no specific indication of how defendant's actions had not been given adequate weight. MCL 769.34(3)(b).

Moreover, a departure must render the sentence proportionate to the seriousness of the defendant's conduct and his criminal history. *Smith*, 482 Mich at 304-305. And, "[w]hen departing, the trial court must explain why the sentence imposed is more proportionate than a sentence within the guidelines recommendation would have been." *Id*. at 304. Here, the only explanation the trial court gave regarding the amount it departed from the recommended minimum sentence range was its desire that defendant "remain away from society so that you can never ever do this to any other minor child." The trial court's articulation that it wanted defendant to remain in prison does not provide a record sufficient to allow effective review of the proportionality of the trial court's departure from defendant's recommended minimum sentence range. *Id*. We may not substitute our own judgment to justify the departure. *Id*. Accordingly, we remand this case to the trial court for resentencing or re-articulation of the basis for the trial court's departure from the sentencing guidelines. *Babcock*, 469 Mich at 259-261.

Defendant also argues that the trial court erroneously granted him 137 days of jail credit when he should have been credited for 139 days. Our review of the record does not reveal a factual basis for the trial court's grant of 137 days of jail credit to defendant. On remand, the trial court should address this issue and amend the judgment of sentence to reflect the proper number of days of jail credit. See *People v Katt*, 248 Mich App 282, 311-312; 639 NW2d 815 (2001) (where a judgment of sentence has a clerical error, the proper remedy is remand to the trial court for the amendment of the judgment of sentence). The amended judgment of sentence should be transmitted to the Department of Corrections. See *People v Norman*, 148 Mich App 273, 276; 384 NW2d 147 (1986).

Defendant also raises issues in propria persona in his supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004–6, Standard 4. None warrant reversal.

Defendant argues that MCL 768.27a is constitutionally invalid because it violates the separation of powers present in the Michigan Constitution; however, our Supreme Court held in *Watkins*, 491 Mich at 472-477, that MCL 768.27a does not violate the separation of powers

-5-

found in the Michigan Constitution. Defendant's argument does not reveal plain error. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Defendant also argues that he should have been allowed to represent himself in this case after he informed the district court of his wish to do so at a hearing held on March 6, 2013. A criminal defendant's right to represent himself is implicitly guaranteed by the United States Constitution, US Const, Am VI; *Faretta v California*, 422 US 806, 807; 95 S Ct 2525; 45 L Ed 2d 562 (1975), and explicitly guaranteed by the Michigan Constitution, Const 1963, art 1, § 13. A trial court's decision whether to allow a defendant to represent himself is reviewed for an abuse of discretion. *People v Hicks*, 259 Mich App 518, 521; 675 NW2d 599 (2003).

Here, on March 6, 2013, defendant's first trial counsel, John Gardiner, moved the district court on defendant's behalf to be removed as defense counsel and that alternate counsel be appointed for defendant. Defendant told the district court that he felt that Gardiner was not "going to represent me to the best of his ability." Defendant said that "I need somebody that's going to fight for me and I don't feel like he's doing it." The district court rejected Gardiner's motion to withdraw as counsel. After the district court refused to remove Gardiner from the case, defendant stated "I'll represent myself." The district court did not respond to defendant's volunteered statement and again denied the motion for Gardiner to withdraw as counsel.

On appeal, defendant argues that the trial court's decision to deny his request was an abuse of discretion, a violation of defendant's due process rights, and a violation of the equal protection of the law. A defendant's request to proceed *in propria persona* must be unequivocal. *People v Russell*, 471 Mich 182, 190; 684 NW2d 745 (2004). Here, defendant's only request for self-representation was his brief statement "I'll represent myself," which defendant made in the context of his motion asking that Gardiner be removed from the case and be replaced with alternate counsel. The district court did not abuse its discretion by implicitly denying defendant's request for self-representation when it reiterated its denial of the motion to withdraw. Further, contrary to defendant's arguments, his constitutional right to self-representation was not violated by failing to remove Gardiner as defense counsel because defendant's request for self-representation was not unequivocal. *Id*.

Defendant argues that the trial court erred in allowing the prosecutor to cross-examine him regarding special conditions of his parole regarding a previous offense because the prosecutor had not provided him the special parole conditions as a part of discovery. This unpreserved issue is reviewed for plain error affecting substantial rights. *Carines*, 460 Mich at 763. This latter requirement requires a showing of prejudice, specifically that the error affected the outcome of the lower court proceedings. *Id*. The defendant bears the burden of persuasion with respect to prejudice. *Id*.

Discovery in a criminal case is governed by MCR 6.201. *People v Phillips*, 468 Mich 583, 587-588; 663 NW2d 463 (2003). If a party fails to comply with the discovery rules set forth in MCR 6.201, a trial court may exclude evidence that is not disclosed to the other party. MCR 6.201(J). Here, it appears the prosecutor should have disclosed defendant's special parole conditions because they constituted a criminal record the prosecution intended to use to impeach defendant. See MCR 6.201(A)(4). Regardless, even if defendant's parole conditions should have been excluded, that evidence merely tended to show that defendant was willing to ignore a

parole stipulation in an attempt to contact the victim. The primary evidence against defendant was the testimony of the victim and the girlfriend's daughter that defendant abused them both. Defendant provides no explanation of how the exclusion of the challenged evidence would have affected the outcome of his trial. Defendant failed to show plain error affected his substantial rights. *Carines*, 460 Mich at 763.

Defendant also argues that the trial court should have been disqualified because it was biased against him. Defendant's claim of bias, however, is based on statements the trial court made during sentencing and the court's rulings against him. While some of the trial court's comments during sentencing may have been hostile to defendant, they do not reveal deep-seated favoritism or antagonism such that the trial court could not conduct the proceedings impartially. *People v Jackson*, 292 Mich App 583, 598; 808 NW2d 541 (2011). Further, the trial court's rulings against defendant are insufficient to justify disqualifying the trial court. See *In re Contempt of Henry*, 282 Mich App 656, 680; 765 NW2d 44 (2009). Thus, defendant's arguments do not demonstrate bias, and he fails to show plain error affecting his substantial rights. *Carines*, 460 Mich at 763.

The rest of defendant's arguments are abandoned. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004). Nevertheless, to the extent possible we have reviewed defendant's abandoned arguments and find them to be without merit.

We affirm defendant's convictions, but remand to the trial court for resentencing or re-articulation of its sentence and for review of defendant's jail credit. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Douglas B. Shapiro