# STATE OF MICHIGAN

# COURT OF APPEALS

In re ALLEN, Minors.

UNPUBLISHED
May 17, 2018

No. 337895
St. Clair Circuit Court
Family Division
LC No. 14-000318-NA

Before: O'CONNELL, P.J., and HOEKSTRA and K. F. KELLY, JJ.

PER CURIAM.

Respondent-father appeals as of right the trial court's order terminating his parental rights to the minor children pursuant to MCL 712A.19b(3)(c)(*i*) (failure to rectify conditions leading to the adjudication, (c)(*ii*) (failure to rectify other conditions), and (g) (failure to provide proper care or custody).[1] We affirm.

## I. FACTS AND PROCEEDINGS

The children were placed in foster care in November 2014 because respondent was incarcerated for violating a personal protection order (PPO) and the children's mother was unable to provide proper care. The mother's parental rights were terminated in 2015.[2] The children were returned to respondent's care in November and December 2015. Respondent received services from the Family Reunification Program (FRP), along with other services, to help him achieve reunification. Although respondent had a strong bond with his children, he struggled to manage his household. Respondent received Social Security disability benefits for himself and one of his children. The Detroit Housing Commission paid his rent, and he received food assistance. Despite these benefits, respondent was unable to manage his finances; he often fell behind in his utility payments and received several shut-off notices. He also had difficulty managing the children's multiple appointments. In August 2016, respondent was arrested for a domestic violence incident, involving a new girlfriend, which occurred while the children were present in the home. As a result, the children were again removed and placed in foster care.

---

[1] The trial court's citation to § 19b(3)(j) in its order appears to be a clerical error. The supplemental petition did not request termination under § 19b(3)(j), and the trial court did not make any findings related to § 19b(3)(j) in its decision.

[2] She did not appeal that decision, and she is not a party to this appeal.

Although respondent cooperated with service providers early in the proceedings, he objected to the imposition of new requirements to address problems that arose after his children were returned to his care. He had difficulty controlling his emotions and managing his frustration, which led to communication problems with service providers and the children's foster parents, but he denied a need for anger management counseling. He also refused to cooperate with drug screens. Following a hearing, the trial court found statutory grounds for terminating respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (g), and that termination of respondent's parental rights was in the children's best interests.

## II. STATUTORY GROUNDS AND BEST INTERESTS

Respondent argues that the trial court erred by finding statutory grounds for termination and that termination of his parental rights was in the children's best interests. We disagree. In an action to terminate parental rights, the Department of Health and Human Services (DHHS) must prove by clear and convincing evidence that at least one statutory ground for termination in MCL 712A.19b(3) exists. *In re Trejo Minors*, 462 Mich 341, 355-356; 612 NW2d 407 (2000). We review the trial court's decision for clear error. *Id*. at 356. Once a statutory ground for termination is established, the trial court shall order termination of parental rights if it finds that termination is in the child's best interests. MCL 712A.19b(5). We also review the trial court's best-interest decision for clear error. *In re JK*, 468 Mich 202, 209; 661 NW2d 216 (2003). A finding is clearly erroneous when the reviewing court is left with the firm and definite conviction that a mistake was made. *Id*. at 209-210. "[T]his Court accords deference to the special opportunity of the trial court to judge the credibility of the witnesses." *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005).

## A. STATUTORY GROUNDS

The trial court terminated respondent's parental rights pursuant to MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (g), which authorize termination of parental rights under the following circumstances:

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

> (*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

\* \* \*

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

With respect to § 19b(3)(c)(*i*), the original petition alleged that respondent was incarcerated for violating a PPO. The PPO violation involved a domestic violence incident against the children's mother. During the proceeding, respondent was incarcerated for another domestic violence incident, which involved his girlfriend. Although respondent's incarceration was of a short duration, respondent's failure to rectify his propensity for domestic violence was a continuing condition that exposed the children to violent and dysfunctional behavior in the home. Respondent's recurring incarceration disrupted the continuity of their care. Although respondent claimed at the termination hearing that he had learned to accept "ownership" of his actions, he continued to deny his involvement in domestic violence, notwithstanding his entry of a guilty plea to the charge. This evidence supports the trial court's termination of respondent's parental rights under § 19b(3)(c)(*i*).

Over the course of the proceedings, the trial court ordered respondent to submit to drug screens and to participate in anger management and domestic violence counseling. Although respondent partially complied by attending some services, he failed to demonstrate that he had benefitted from services. Participation in and completion of certain portions of a service plan is not enough if a parent "fail[s] to demonstrate sufficient compliance with or benefit from those services specifically targeted to address the primary basis for the adjudication . . . ." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). Respondent balked at participating in additional services. He obstinately maintained that DHHS was not justified in ordering additional requirements. Respondent's failure to rectify these additional conditions supports the trial court's termination of his parental rights under § 19b(3)(c)(*ii*).

Regarding § 19b(3)(g), respondent's failure to resolve his propensity for domestic violence constitutes failure to provide proper care and custody. In addition, respondent was unable to coordinate his children's schedules and appointments despite FRP's assistance in providing calendars and helping him set up a "command" center. He became confused about when his children should attend or stay home from school. The oldest child has serious special needs, requiring a parent who can stay on top of his schedule and need for services. Respondent was also unable to budget his income responsibly. Although his rent was paid and he received food assistance, he was unable to manage his utility payments. Respondent expected DHHS to provide him with essentials. DHHS worked with respondent on all of these issues, even affording him more time because of his good bond with the children, but he failed to show improvement and he became more resistant to services. Respondent's failure to transition to independence in managing his children's care supported termination under § 19b(3)(g).

## B. BEST INTERESTS

Respondent also argues that termination of his parental rights was not in his children's best interests. "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). In considering whether termination of parental rights is in a child's best interests, a

court may consider a variety of factors. *In re White,* 303 Mich App 701, 713; 846 NW2d 61 (2014). These factors include the bond between the child and the parent, the parent's ability to parent the child, the child's need for permanency and stability, the advantages of a foster home over the parent's home, the parent's compliance with the case service plan, the parent's visitation history with the child, the child's well-being, and the possibility of adoption. *Id.* at 713-714.

Although respondent had strong emotional bonds with his children, the children need consistent care that respondent was not able to provide. Despite respondent's strong bonds with the children, the children were also adjusting well to their placements. In particular, the behavior of the older child, who had special needs, had improved since he was placed in foster care. The trial court did not clearly err by finding that termination of respondent's parental rights was in the children's best interests.

## III. SUBSTITUTION OF COUNSEL

Respondent argues that the trial court erred by denying his request for substitution of counsel without making sufficient inquiry into the reasons for his request. The trial court's decision regarding substitution of counsel is reviewed for an abuse of discretion. *People v Traylor,* 245 Mich App 460, 462; 628 NW2d 120 (2001). "An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes." *People v Daniels,* 311 Mich App 257, 265; 874 NW2d 732 (2015). To the extent that this issue asserts a constitutional question, review is de novo. *Id.*

Just as "principles applicable to claims of ineffective assistance of counsel in the arena of criminal law also apply by analogy in child protective proceedings[,]" *In re Martin,* 316 Mich App 73, 85; 896 NW2d 452 (2016), it follows that principles governing a criminal defendant's right to substitution of counsel in criminal proceedings apply by analogy to a respondent's right to substitute counsel in child protective proceedings. "Appointment of substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial proceedings." *In re Conley,* 216 Mich App 41, 46; 549 NW2d 353 (1996). "Good cause may exist when a legitimate difference of opinion develops between a defendant and his appointed counsel as to a fundamental trial tactic, when there is a destruction of communication and a breakdown in the attorney-client relationship, or when counsel shows a lack of diligence or interest." *People v McFall,* 309 Mich App 377, 383; 873 NW2d 112 (2015) (citations and quotation marks omitted). "A mere allegation that a defendant lacks confidence in his or her attorney, unsupported by a substantial reason, does not amount to adequate cause. Likewise, a defendant's general unhappiness with counsel's representation is insufficient." *Id.* at 383 (citation and quotation marks omitted). A trial court is obligated to inquire about the truth of a defendant's allegations that there is a dispute which has led to the destruction of communication and a breakdown in the attorney-client relationship. *People v Bass,* 88 Mich App 793, 802; 279 NW2d 551 (1979). Thus, "[w]hen a defendant asserts that his assigned lawyer is not adequate or diligent or asserts . . . that his lawyer is disinterested, the judge should hear his claim and, if there is a factual dispute, take testimony and state his findings and conclusions." *People v Ginther,* 390 Mich 436, 441-442; 212 NW2d 922 (1973).

In this case, respondent submitted a written request for substitute counsel one day before the termination hearing began. Respondent asserted that his attorney failed to mount a

constitutional defense and failed to subpoena "witnesses in a timely manner." These broad, vague, and conclusory statements were insufficient to establish good cause for substitution. Under these circumstances, the trial court did not err by failing to make further inquiry because respondent did not provide factual support for his request, and the belated substitution would have disrupted the proceedings.

Respondent also complains that the trial court failed to address respondent's option to represent himself. However, respondent did not request self-representation or otherwise indicate that he was interested in this option. Accordingly, the trial court did not err by failing to address that alternative.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Respondent also raises claims of ineffective assistance of counsel. "The principles applicable to claims of ineffective assistance of counsel in the arena of criminal law also apply by analogy in child protective proceedings[.]" *In re Martin*, 316 Mich App at 85. Because respondent did not raise this issue in an appropriate motion in the trial court, "our review of this issue is limited to mistakes apparent on the appellate record." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). To establish ineffective assistance of counsel, respondent must show that "(1) counsel's performance was deficient, falling below an objective standard of reasonableness, and that (2) the deficient performance prejudiced the respondent." *In re Martin*, 316 Mich App at 85. Respondent must establish "the factual predicate for his claim of ineffective assistance of counsel[.]" *People v Hoag,* 460 Mich 1, 6; 594 NW2d 57 (1999).

Respondent argues that counsel was ineffective for failing to subpoena witnesses. "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *Davis*, 250 Mich App at 368. "A particular strategy does not constitute ineffective assistance of counsel simply because it does not work." *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004). Counsel's "failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012) (citation and quotation marks omitted). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (citation and quotation marks omitted).

Respondent fails to identify any witness that he believes counsel should have investigated and called to testify, and he fails to explain what testimony additional witnesses would have offered if called. Moreover, respondent's former neighbor testified on respondent's behalf. Therefore, there is no record basis to establish that respondent was denied a substantial defense. Because respondent has failed to establish the factual predicate for this claim, it cannot succeed.

Additionally, the record does not support respondent's contention that his attorney was unfamiliar with the facts of his case. Counsel's inquiry about the older child's continuing need for diapers does not establish that counsel did not know that the child had Down syndrome. At worst, it indicates that counsel was unaware that the child needed diapers. It is otherwise evident

from counsel's cross-examination of DHHS's witnesses that counsel was familiar with respondent's case.

Respondent argues that counsel was ineffective for failing to object to testimony that one of the children informed a Child Protective Services (CPS) investigator that respondent had committed acts of physical violence, such as hitting her with a belt and throwing shoes and a car seat at her. The CPS worker also testified that the child's foster parent reported that the child told her not to listen to the foster parent. Respondent argues that the child's statements were inadmissible hearsay and the foster parent's reports of the child's statements were double hearsay. See MRE 801(c); *In re Martin*, 316 Mich App at 86. Respondent's reliance on MCR 3.972(C)(2)(a) and MCR 3.922(E)(1)(d) is misplaced because those rules apply to adjudicative trials. The rules of evidence, other than those concerning privileges, do not apply at termination hearings. MCR 3.977(H)(2). Counsel is not ineffective for failing to raise a futile objection. *People v Foster*, 319 Mich App 365, 391; 901 NW2d 127 (2017). Accordingly, respondent's counsel was not ineffective for failing to raise a hearsay objection.

We affirm.

/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra
/s/ Kirsten Frank Kelly