STATE of Wisconsin, Plaintiff-Respondent,

v.

Sylvester LOMAX, Jr., Defendant-Appellant-
Petitioner.

Supreme Court

*Nos. 87–0787–CR, 87–0788–CR. Submitted on briefs October 5,
1988.—Decided November 29, 1988.*

(Also reported in 432 N.W.2d 89.)

For the defendant-appellant-petitioner there were briefs by *Walter H. Isaacson* and *Hart, Sanborn & Isaacson,* Janesville.

For the plaintiff-respondent there was a brief by *Barry M. Levenson,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general.

STEINMETZ, J.   The issue in the case is whether the court of appeals erred in deciding that a retrospective hearing, rather than a new trial, is the appropriate remedy when the trial court abused its discretion in denying a defendant's request for change of counsel. We conclude that the court of appeals did not commit error.

The defendant, Sylvester O. Lomax, Jr., was charged with burglary, battery and robbery while armed. The trial was held in the Rock county circuit court before the Honorable Edwin C. Dahlberg. A jury found the defendant guilty on all counts. Pursuant to

that verdict, the defendant was sentenced to consecutive terms of imprisonment totaling 25 years.

On appeal from that judgment of conviction, the defendant argued that he was entitled to a new trial because the trial court abused its discretion by summarily denying his request for change of counsel. The court of appeals held that the trial court had abused its discretion but denied defendant's request for a new trial and remanded the case to the trial court to give the defendant an opportunity to state his reasons for requesting new counsel. This was to provide the trial court with an opportunity to determine the sufficiency of those reasons.

The relevant facts of this case can be briefly stated. On the morning of the trial, the defendant asked to address the court and the following colloquy took place:

> "Mr. Lomax: I feel like that I haven't been properly represented in this case. That's—at this time I am asking for appointment of another counsel.
>
> "Court: Well, this is the date of trial. Mr. Bates has represented you zealously in this proceeding. We are going to proceed to trial today, Mr. Lomax.
>
> "Mr. Lomax: I would like the record to show Honorable Dahlberg, that I am not satisfied with my counsel. I don't think—I don't think my interests are being represented here.
>
> "Court: Well, you can't wait until the date of trial and then say you want a substitute counsel Mr. Lomax."

The trial then proceeded.

■ Whether counsel should be relieved and a new attorney appointed in his or her place is a matter within the trial court's discretion. *State v. Scarbrough,* 55 Wis. 2d 181, 186, 197 N.W.2d 790 (1972); *State v. Haynes,* 118 Wis. 2d 21, 27, 345 N.W.2d 892, 896 (Ct. App. 1984). A discretionary determination "must be the product of a rational mental process by which the facts of record and law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination." *Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16 (1981).

First, the defendant argues that to return the matter for a retrospective hearing would offend due process because the passage of time could be detrimental to his memory. Secondly, he argues that the hearing will be before the trial court which failed to conduct the initial hearing and that court may be unduly influenced by its earlier decision and subsequent trial. We do not find a denial of due process based on either of these grounds. *See Rahhal v. State,* 52 Wis. 2d 144, 149–50, 187 N.W.2d 800 (1971).

■ In evaluating whether a trial court's denial of a motion for substitution of counsel is an abuse of discretion, a reviewing court must consider a number of factors including: (1) the adequacy of the court's inquiry into the defendant's complaint; (2) the timeliness of the motion; and (3) whether the alleged conflict between the defendant and the attorney was so great that it likely resulted in a total lack of communication that prevented an adequate defense and frustrated a fair presentation of the case. *United States v. Allen,* 789 F.2d 90 (1st Cir. 1986); *United States v. McClendon,* 782 F.2d 785 (9th Cir. 1986); *Hudson v. Rushen,*

686 F.2d 826, 829 (9th Cir. 1982), *cert. denied,* 461 U.S. 916 (1983).

We believe these factors are consistent with the factors previously set out by this court. For instance, in *State v. Johnson,* 50 Wis. 2d 280, 285 n. 4, 184 N.W.2d 107 (1971), this court stated the defendant must show "good cause" to warrant substitution of counsel.

In *Phifer v. State,* 64 Wis. 2d 24, 31, 218 N.W.2d 354 (1974), this court set out six factors for trial courts to consider in the exercise of their discretion when there is a request for substitution of trial counsel with the associated request for a continuance. In *Phifer* we stated:

> "The factors listed in the majority in *Giacalone v. Lucas* [445 F.2d 1238, 1240 (6th Cir. 1971)] are appropriate for the purpose of this balancing test:
> "1. The length of the delay requested;
> "2. Whether the 'lead' counsel has associates prepared to try the case in his absence [whether there is competent counsel presently available to try the case];
> "3. Whether other continuances had been requested and received by the defendant;
> "4. The convenience or inconvenience to the parties, witnesses and the court;
> "5. Whether the delay seems to be for legitimate reasons; or whether its purpose is dilatory;
> "6. Other relevant factors."

The factors enunciated in *Phifer* allow the trial court to balance all relevant factors. This balances the defendant's constitutional right to counsel against societal interest in the prompt and efficient administration of justice. *Morris v. Slappy,* 649 F.2d 718 (9th Cir. 1981), *revd.* 461 U.S. 1 (1983).

360

First, the trial court is required to inquire into the defendant's complaint. The state argues that in this case the defendant was permitted to justify his request when he made the following statements on the record: "I feel like that I haven't been properly represented in this case" adding "I don't think my interests are being represented here." Therefore, the state contends that the defendant had an opportunity to state his reasons for requesting new counsel and, in denying defendant's request for new counsel, the trial judge made the discretionary decision. We disagree.

Here, the trial court's inquiry into the defendant's reasons for requesting new counsel was inadequate. The trial court only knew that the defendant requested new counsel because he believed his interests were not being properly represented. The facts upon which this belief was based were not revealed to the court during the superficial inquiry. *See also State v. Kazee* 146 Wis. 2d 366, 432 N.W.2d 93 (1988), filed this same date.

Nevertheless, there may be instances in which a trial court may proceed with the trial without a full inquiry into a defendant's reasons for requesting a change of counsel. If a defendant repeatedly makes such requests without any further evidence of the attorney's incompetency or conflict, the trial court may summarily conclude without a full inquiry that the request is merely a ploy to disrupt the trial process. The trial court should briefly explain on the record that a full inquiry is not being afforded the defendant because sufficient attention has been given to the defendant's prior request, at which time the reasons for the request were made known to the court.

Secondly, the trial court should consider the timeliness of the request. Eleventh-hour requests are

generally frowned upon as a mere tactic to delay the trial. Since the trial judge may have had good reason to protect his calendar and the time set aside for a trial, the defendant's motion, which was made on the day of trial, may be suspect. However, it is possible that the conflict between the defendant and counsel arose on the day of trial and therefore the request for change of counsel was timely. Timeliness must be balanced with the third consideration, whether the alleged conflict between the defendant and attorney is so great that it likely resulted in a total lack of communication that prevented an adequate defense.

A judge should make a meaningful inquiry when the motion for change of counsel is made rather than summarily deny it and then conduct a retrospective hearing after the trial. The hearing may not take more than minutes. When all of the defendant's complaints about counsel are known to the judge, judicial discretion may be exercised in application of the factors in *Phifer.* If defendant's complaints do not meet the test, then the trial may proceed. On the other hand, if the defendant's reasons are sufficient, it is better that new counsel be appointed at this juncture of the case and the trial delayed. A subsequent charge of an inadequate defense may be thwarted or avoided by a timely hearing on the motion. The trial judge presiding over the evidentiary hearing will be informed of the specific reasons for the defendant's dissatisfaction with his counsel, and the court will be able to evaluate those reasons and determine whether new counsel should be appointed.

Next, the defendant claims that a new trial, not a retrospective hearing, is the appropriate remedy. In *State v. Johnson,* 133 Wis. 2d 207, 395 N.W.2d 176 (1986), the defendant was convicted of first degree

murder. The trial court then found that defendant's attorney had been ineffective because he failed to request a hearing on Johnson's competency to stand trial. The trial court ordered a new trial and the court of appeals affirmed. *State v. Johnson,* 126 Wis. 2d 8, 374 N.W.2d 637 (Ct. App. 1985). This court held that Johnson's remedy for the wrong he suffered—the deprivation of a judicial inquiry into his competency to stand trial—was not necessarily a new trial. Rather, this court stated:

> "We remand this case to the circuit court to first determine whether an adequate and meaningful nunc pro tunc inquiry can be made into the question of whether Johnson was incompetent at any time during the trial. If the circuit court concludes that a meaningful inquiry can be held, the circuit court must then hold a competency hearing. The competency hearing may be held as part of a multipurpose hearing designed to first determine whether a meaningful inquiry can be held.
>
> "If the circuit court finds that a meaningful hearing cannot be held, or if it finds that Johnson was incompetent during trial, then Johnson must be granted a new trial."

*Johnson,* 133 Wis. 2d at 226–27. In *State v. Monje,* 109 Wis. 2d 138, 147, 325 N.W.2d 695 (1982), this court stated that the grant of a new trial should not "place a burden on society and the courts that is greatly disproportionate to any 'wrong' that has been done the defendant."

■ Because the defendant was not allowed to explain his reasons for requesting new counsel, this court is unable to determine whether or not the trial court erred when it did not appoint new counsel. If the

defendant was not entitled to substitution of counsel, he should not be allowed the windfall of a new trial simply because the trial court did not make a thorough inquiry into the defendant's reasons for the request. Any error committed by the trial court by not conducting a hearing spontaneously with defendant's motion for new counsel may be remedied by giving the defendant a hearing now, at which time he can present to the trial court his reasons for wanting to discharge his trial attorney.

If the conflict was so great as to result in a total lack of communication between the defendant and his counsel, he should remember the specifics of the conflict. Had the trial court given the defendant an opportunity to explain the conflict at trial, the defendant would have had to remember the reasons up to that day. If the defendant cannot remember his reasons why he believed his counsel was not properly representing him at the trial, the reasons could not have been very persuasive. These are the same reasons that would be necessary for a claim for a new trial due to being represented by incompetent counsel, and, therefore, they must be of convincing merit.

The United States Supreme Court in *Morris v. Slappy,* 461 U.S. 1, 14–15 (1983) stated why new trials are not always the only remedy to correct alleged errors, but rather other remedies which protect the defendant's interest may be preferable. The court stated:

> "In its haste to create a novel Sixth Amendment right, the court wholly failed to take into account the interest of the victim of these crimes in not undergoing the ordeal of yet a third trial in this case. Of course, inconvenience and embarrassment to witnesses cannot justify failing to enforce

constitutional rights of an accused: when prejudicial error is made that clearly impairs a defendant's constitutional rights, the burden of a new trial must be borne by the prosecution, the courts, and the witnesses; the Constitution permits nothing less. But in the administration of criminal justice, courts may not ignore the concerns of victims. Apart from all other factors, such a course would hardly encourage victims to report violations to the proper authorities; this is especially so when the crime is one calling for public testimony about a humiliating and degrading experience such as was involved here. Precisely what weight should be given to the ordeal of reliving such an experience for the third time need not be decided now; but that factor is not to be ignored by the courts. The spectacle of repeated trials to establish the truth about a single criminal episode inevitably places burdens on the system in terms of witnesses, records, and fading memories, to say nothing of misusing judicial resources."

The efficient administration of justice must include fair consideration of the interests of the victims of crime. When a trial court has not made an adequate inquiry into a defendant's last-minute request to discharge appointed counsel, a retrospective hearing, at which the defendant may present whatever he deems necessary to fully articulate his reasons for wanting counsel discharged, strikes a proper balance between the constitutional rights of defendants and the efficient administration of justice.

*By the Court.*—The decision of the court of appeals is affirmed.