Mark W. Barnett, Atty. Gen., Scott Bogue, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Bruce V. Anderson, Lee A. Tappe, P.C., Platte, for defendant and appellant.

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Jack FENDER, Defendant and Appellant.**

No. 17479.

Supreme Court of South Dakota.

Considered on Briefs Feb. 12, 1992.

Decided May 6, 1992.

PER CURIAM.

Jack Fender (Fender) appeals his conviction for first degree burglary. We remand for a further hearing.

FACTS

On February 9, 1990, Fender and Bruce Martin went to the home of Doug and Jan Woods. They forced their way into the home and proceeded to beat Doug Woods. The next day, Fender was charged with first degree burglary and aggravated assault. The trial court appointed Owen Wipf as Fender's legal counsel. State dismissed the aggravated assault charge.

In a handwritten letter to the court dated December 7, 1990, Fender wrote:

I retire Owen Wip[f] as my court appointed attorney.

Owen Wip[f] will no longer represent me in this court.

Owen Wip[f] is not acting in my best interests.

On December 10, 1990, Fender sent another similar handwritten letter to the clerk of court requesting a transcript of his preliminary hearing and his bond hearing. Then, on December 14, 1990, Fender sent a third letter which read, in part:

I would like to know if I'm deprived of my right to counsel to choose another public defender or another one to be appointed by the magistrate.

The trial court held a hearing on December 17, 1990 to discuss Fender's request to change counsel. The hearing was extremely short. With the exception of the introductions, the following is a complete transcript of the hearing.

The Court: The Court has received notice from Mr. Wipf that Mr. Fender wishes to fire him as his counsel and he wrote a letter to the clerk of courts, [d]ated December 10th, 1990. That reads as follows: "I would like a copy of the transcript of the preliminary hearing and also a copy of the transcript of my bond hearing. Thank you. Jack Fender. December 10th, 1990." Furthermore, he wrote a letter on December 14, 1990, which is on file. And it states as follows: "Clerk of courts; I would like to know if I'm deprived of my right to counsel, to choose another public defender or another one to be appointed by the magistrate. I also would like to know when I can have another bond hearing set for me. Please notify me as soon as possible on this matter. December 14th, 1990." It's signed, "Jack Fender." Now, Mr. Fender, you're not a stranger to the system. You know that when you receive court-appointed counsel, they are picked out by the court. This court has appointed you competent counsel. The fact you're not satisfied with him is immaterial unless you can show me the reasons he can't adequately represent you.

Now was Mr. Wipf or Mr. Cotton appointed for you? Which one?

Mr. Wipf: I am.

The Court: You have been appointed, Mr. Wipf?

Mr. Wipf: Yes.

The Court: Okay, Mr. Wipf is an experienced trial attorney and has been in the business defending people for probably thirty years that I know of and maybe longer. And he has as good a record as anyone in this state. If you're not satisfied with him, then you have a choice. You can hire your own attorney or defend yourself. You have no other choices. So, if you wish to fire Mr. Wipf, you can hire your own attorney or you can defend yourself.

Now, as far as a preliminary copy—a copy of the preliminary hearing, that will be duly provided for you.

Mr. Wipf: We haven't gotten a copy yet, of that, Your Honor.

The Court: It will be provided when one is made up. If one has' been ordered. Upon request, that's normally provided to counsel and a copy of the transcript of the bond hearing—there's no need for that whatsoever. It's just a waste of taxpayers money. Now, as far as another bond hearing, you've already had one, and that's all you're going to get is one, because the Court can't have a bond hearing for you every day. I've made my policy on this bond hearing known. I told you the reasons for it. And that's the situation and until you can make arrangements for the bond, that's the way it's going to stay. So that will conclude the record. Now, let's get on with the next one.

Mr. Wipf continued to represent Fender. Fender was tried and convicted of first degree burglary. Fender was also sentenced as an habitual offender. Fender appeals.

## DECISION

■ Fender wanted a different attorney appointed to represent him. A defendant in a criminal case must show "good cause" to justify a change in court-appointed legal counsel. *State v. Rough Surface*, 440 N.W.2d 746, 753 (S.D.1989); *State v. Iron Necklace*, 430 N.W.2d 66, 79 (S.D.1988).

■ Fender claims the trial court abused its discretion because it denied the request for change of counsel without inquiring as to his reasons for seeking new counsel. We have not defined the scope of the trial court's responsibility to inquire as to the defendant's reason for seeking a change in counsel. Consequently, Fender relies on cases from other states. For example, in *People v. Bass*, 88 Mich.App. 793, 279 N.W.2d 551 (1979), the Michigan appellate court stated: "[W]hen [a] defendant alleges the existence of a dispute leading to a destruction of communication and a breakdown in the attorney-client relationship, the judge is obligated to inquire whether such allegations are true." *Bass*, 88 Mich. App at 802, 279 N.W.2d at 555. *See also, State v. Haynes*, 118 Wis.2d 21, 345 N.W.2d 892 (Wis.Ct.App.1984).

Although State attempts to distinguish several of the cases relied on by Fender, State does not seriously dispute the logic underlying the rule requiring the trial judge to inquire about the defendant's reasons. The California Supreme Court explained the underlying logic well when it noted:

> the trial court cannot thoughtfully exercise its discretion in this matter without listening to his reasons for requesting a change of attorneys. A trial judge is unable to intelligently deal with a defendant's request for substitution of attorneys unless he is cognizant of the grounds which prompted the request. The defendant may have knowledge of conduct and events relevant to the diligence and competence of his attorney which are not apparent to the trial judge from observations within the four corners of the courtroom.

*People v. Marsden*, 2 Cal.3d 118, 122–123, 84 Cal.Rptr. 156, 159, 465 P.2d 44, 47 (1970). The Michigan Supreme Court has expressed similar reasoning. "When a defendant asserts that his assigned lawyer is not adequate or diligent or asserts, as here, that his lawyer is disinterested, the judge should hear his claim and, if there is a factual dispute, take testimony and state his findings and conclusion." *People v. Ginther*, 390 Mich. 436, 441–442, 212 N.W.2d 922, 924 (1973).

Thus, even assuming the validity of some factual distinctions, Fender's arguments are still logical and compelling. Fender did not say one word at the hearing. Fender notes that the trial court asked him which attorney had been appointed for him. Owen Wipf supplied the answer instead of Fender. Then, without further questioning, the trial court denied the motion. Fender contends he was not given the opportunity to say one word at the hearing.

State suggests that Fender wanted to fire Owen Wipf because Mr. Wipf has no larynx and must speak through a machine. Fender's appellate counsel mentioned that fact in his brief. Fender's December 14, 1990 letter suggests that he was concerned that Mr. Wipf was not representing his interests. We note that the trial court read the second and third letters in open court but made no mention of that first letter. These arguments simply point out the problem in this case, the trial court did not hear Fender's reasons for wanting a change in counsel. The trial court handled the hearing in a cursory manner resulting in an insufficient record for this Court to meaningfully and adequately review the trial court's decision. We remand this case to the trial court for a thorough hearing at which Fender will have the opportunity to present his "good cause" justifying a change in counsel. *See Ginther*, 390 Mich. 436, 212 N.W.2d 922 and *State v. Lomax*, 146 Wis.2d 356, 432 N.W.2d 89 (1988). We remand this matter to the trial court for sixty (60) days. After the remand hearing has been completed and the trial judge has issued his order on this issue, the clerk of the trial court will forward the trial court's order and transcripts of the remand hear-

ing so that this Court may complete its appellate review.

Because of our remand on the change of counsel issue, we believe it would be premature and inappropriate to address Fender's other appellate issues at this time. We reserve ruling on those issues until completion of the remand.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.