#27559-r-LSW

**2016 S.D. 49**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,                     Plaintiff and Appellee,

    v.

RAYMOND M. MARTINEZ,                     Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
BUTTE COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE MICHAEL W. DAY
Judge

\* \* \* \*

MARTY JACKLEY
Attorney General

JOHN M. STROHMAN
Assistant Attorney General
Pierre, South Dakota                     Attorneys for plaintiff
                                    and appellee.

JOSHUA M. HILPERT of
Hilpert & Hale, Prof., LLC
Sturgis, South Dakota                     Attorneys for defendant
                                    and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON APRIL 25, 2016

OPINION FILED **07/06/16**

#27559

WILBUR, Justice

[¶1.]     In this appeal, defendant alleges that he received ineffective assistance of counsel, that the circuit court erred when it did not grant his request for new counsel, and that the court's sentence constitutes cruel and unusual punishment.[1] We reverse and remand.

## Background

[¶2.]     A Butte County grand jury indicted Raymond M. Martinez on July 8, 2014, on five felony charges. The charges included: one count of second-degree rape, one count of first-degree burglary, two counts of second-degree kidnapping, and one count of aggravated assault, domestic violence. Martinez allegedly broke into his estranged girlfriend's home, forced himself upon her, and held her against her will. A part II information alleged Martinez to be a habitual offender. Martinez received court-appointed counsel at his initial appearance and pleaded not guilty to all charges and to the part II information.

[¶3.]     Martinez spent approximately 390 days in jail from arrest to sentencing. In this appeal, Martinez claims that his court-appointed counsel "was woefully non-communicative with and unresponsive to him" throughout his case. He alleges that counsel met with him only four times "despite his round-the clock, incarceration-based availability[.]" He insists she only returned two of his many phone calls and "habitually failed to come and meet him despite his repeated voicemails requesting that she do so[.]" More specifically, he avers that counsel

---

1.     Martinez's appellate counsel is not the same counsel before the circuit court.

-1-

"even failed to return calls placed to her office by at least one potential witness for the defense[.]"

[¶4.] Related to his defense, Martinez claims that counsel did not file substantive motions on his behalf or resist the State's pleadings and motions. In Martinez's view, his counsel was not prepared for hearings, which caused multiple delays. Martinez asserts that counsel did not keep him apprised of discovery materials she had received and did not make the video recordings available for his review until several months after she received them. Martinez argues that he told counsel from the outset that the facts alleged did not reflect what actually happened. He requested a private investigator in July 2014, and it was not until January 2015 that counsel made a request to the circuit court. And, according to Martinez, it was not until a month later that counsel filed the order allowing the private investigator. Martinez also sought a mental health evaluation, but counsel did not make a request to the court until just prior to Martinez's sentencing.

[¶5.] Martinez further alleges that he told counsel multiple times that he wanted to recuse the circuit court judge assigned to his case. But, according to Martinez, counsel never requested recusal. Martinez also claims that counsel refused to move the court to reduce his bond. He contends that counsel's refusal foreclosed "any opportunity he might have had to secure his release and better his circumstances."

[¶6.] Five days prior to his scheduled jury trial, Martinez decided to change his plea. He now claims that he changed his plea only because counsel persuaded him to do so. According to Martinez, counsel told him that she had secured a deal

with the state's attorney "by 'leveraging' dozens of her other cases." He also claims that counsel erroneously told him that first-degree burglary is not considered a violent crime and he would not have to register as a sex offender as a benefit of the plea agreement.

[¶7.] It is undisputed that the State agreed to dismiss all remaining charges and the part II information if Martinez agreed to plead guilty to first-degree burglary. At the change of plea hearing, the court inquired whether Martinez understood the charges against him and his rights. At no time did Martinez indicate to the court that he was unhappy with counsel's representation. After a colloquy between the court and Martinez, the court found that

> Mr. Martinez has been regularly held to answer, he's represented by competent counsel, he's been informed and I believe he understands the nature of the charges, his constitutional and statutory rights, and the maximum penalties. The [c]ourt finds that [Mr. Martinez] is acting of his own free will and accord, without duress, and is competent to enter a plea.

Martinez pleaded guilty to first-degree burglary.

[¶8.] According to Martinez, after he pleaded guilty, counsel assured him that she would assist him in the presentence investigation process. But the assistance "did not occur." Two weeks prior to his sentencing, Martinez wrote to the court expressing his dissatisfaction with counsel's representation. He asked that she be discharged. The court e-mailed Martinez's letter to Martinez's counsel and the State. The court did not specifically respond to Martinez's request.

[¶9.] On August 5, 2015, Martinez appeared in court for sentencing. Counsel told the court that the presentence investigation report was not complete.

She informed the court that she had letters of support for Martinez in her possession and that she had not yet finished working with Martinez on his statement for the court. She asked the court for a continuance. The State responded that the case had been going on for over a year and had already received two continuances. The court denied counsel's request for a continuance. Counsel responded, "I am just not physically and medically able to perform today. . . . I just - - I'll just have to ask to be discharged I guess, Judge." Ultimately, the court did not find good cause to continue sentencing and denied counsel's request. The court remarked that it did not "know of any other information that would change [its] mind as to any sentence that would be given in this matter." The court sentenced Martinez to twenty years in prison with four years suspended and credit for time served.

[¶10.]     Martinez appeals and asserts the following issues for our review:

1.     Did Martinez receive ineffective assistance of counsel?

2.     Did the circuit court err when it neglected to rule on Martinez's motion to discharge his court-appointed counsel?

3.     Is Martinez's sentence grossly disproportionate so as to constitute cruel and unusual punishment?

**Analysis**

**1.     Ineffective Assistance of Counsel**

[¶11.]     Martinez recognizes that this Court generally does not consider a claim of ineffective assistance of counsel on direct appeal. *See State v. Thomas*, 2011 S.D. 15, 796 N.W.2d 706. But he contends this case implicates the exception to that general rule. The exception applies when "counsel was 'so ineffective and counsel's

-4-

representation so casual as to represent a manifest usurpation of the defendant's constitutional rights.'" *Id.* ¶ 15 (quoting *State v. Arabie*, 2003 S.D. 57, ¶ 20, 663 N.W.2d 250, 256). Martinez avers counsel deprived him of his Sixth Amendment right to effective assistance of counsel because counsel's representation fell below an objective standard of reasonableness and the deficiency prejudiced him. He emphasizes that "[f]or more than a year, he was generally left to his own devices to speculate on the status of his case without adequate communication from his attorney." Martinez claims he was denied a meaningful opportunity to challenge the State's evidence because counsel did not file substantive motions in Martinez's defense and Martinez was left without knowledge of most of the discovery materials given to his counsel. He alleges he was "essentially strong-armed into accepting a hastily generated plea offer on faulty advice[.]"

[¶12.] The State responds that "[m]any of [Martinez's] claims are the result of innuendo or scant reference to the record." The State highlights that Martinez does not cite to the record in support of his "sweeping allegations made against defense counsel." The State also lists the motions filed by Martinez's counsel on behalf of Martinez, including a motion in limine, motion to appoint a private investigator, and a motion requesting prior notice of the State's intent to use other act evidence. In the State's view, "[i]t is for this reason that this Court does not quickly entertain such matter on direct appeal"—there is an incomplete record on the issue. So the State argues that Martinez's unsupported allegations should await resolution in a habeas corpus proceeding where a record can be fully developed and countered by Martinez's counsel. We agree.

[¶13.] The main reason we generally do not consider a claim of ineffective assistance of counsel on direct appeal is because, "in habeas proceedings, attorneys charged with ineffectiveness can explain or defend their actions and strategies, and thus a more complete picture of what occurred is available for review." *State v. Dillon*, 2001 S.D. 97, ¶ 28, 632 N.W.2d 37, 48. Here, the veracity of Martinez's claims cannot be established. There is no record of Martinez's communications with counsel, no record of what discovery material counsel did or did not share with Martinez or when, no record of counsel's reason for recommending that Martinez change his plea, etc. While there may be merit to his claims, the record needs to be developed in habeas corpus proceedings where counsel can explain or defend her actions. Because the current record is insufficient to allow for an appropriate review, we decline to address Martinez's claim of ineffective assistance of counsel at this time. *See State v. Schmidt*, 2012 S.D. 77, ¶ 37, 825 N.W.2d 889, 899. A petition by Martinez for habeas corpus relief would not be frivolous, and, under SDCL 21-27-4, the habeas court may appoint Martinez counsel if the court determines the other requirements of SDCL 21-27-4 are met. *See State v. Reed*, 2010 S.D. 105, ¶ 13, 793 N.W.2d 63, 67.

### 2. Motion to Discharge Counsel

[¶14.] Martinez next argues that the circuit court erred when it did not grant his request for new, court-appointed counsel. Martinez contends that the court's failure to grant his request "left him without counsel at the most critical juncture of the proceedings." The State responds that the circuit court appropriately denied Martinez's request for new counsel. According to the State, Martinez did not allege

a destruction of communication and breakdown in the attorney-client relationship or show good cause that substitution of counsel would not unreasonably disrupt the judicial process.

[¶15.] "Appointment of substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process." *State v. Irvine*, 1996 S.D. 43, ¶ 9, 547 N.W.2d 177, 180. The defendant carries the burden to demonstrate he is entitled to change of counsel. *State v. Fender*, 484 N.W.2d 307, 309 (S.D. 1992). Therefore, "a defendant must be given an opportunity to 'present his "good cause" justifying a change in counsel.'" *State v. Talarico*, 2003 S.D. 41, ¶ 23, 661 N.W.2d 11, 20 (quoting *Fender*, 484 N.W.2d at 309). And "[w]hen a defendant asserts that his assigned lawyer is not adequate or diligent, . . . the judge should hear his claim and, if there is a factual dispute, take testimony and state his findings and conclusion." *Irvine*, 1996 S.D. 43, ¶ 9, 547 N.W.2d at 180 (quoting *Fender*, 484 N.W.2d at 309). We review a court's decision on a request for substitution of counsel for an abuse of discretion. *Id.*

[¶16.] On July 8, the court held a sentencing hearing. Martinez's counsel requested a continuance. Martinez did not object and the court continued sentencing. At the second sentencing hearing, held on July 15, Martinez's counsel did not appear. The court, again, continued sentencing. Martinez's counsel later explained that a medical emergency caused her to be absent. On July 24, Martinez submitted a hand-written letter to the court requesting "new representation." Martinez alleged that he has "not been properly represented by [his] lawyer" and identified specific failings by counsel in her representation of Martinez. In

particular to his sentencing, Martinez informed the court that "[his] final statement for [his] PSI was never completed, [counsel] was to see [him] the day prior to the day of sentencing. As the court knows, she was not present for my sentencing." The court e-mailed the letter to Martinez's counsel and the State. The court did not specifically rule on Martinez's request.

[¶17.]     On August 8, the circuit court held a third sentencing hearing. The court asked Martinez whether his plea of guilty to first-degree burglary is "still [his] plea today, sir?" Martinez responded, "Yes, sir." Martinez's counsel then informed the court that she has "been unable to adequately complete [the] sentencing preparation." Counsel requested another continuance. The State objected. The court held that it did "not find good cause for the motion for continuance" and denied counsel's request. Martinez's counsel then informed the circuit court that she was not in a position to proceed on Martinez's sentencing. Counsel suggested that she could continue if the court appointed additional counsel to assist her. The court responded, "I understand your issue and sympathize with it. But this matter has been pending since April, May, the first time. And I am going to proceed with sentencing today." Counsel responded,

> I am in a situation where I am just not willing to put my ethical obligations to Mr. Martinez aside. I understand the ruling of the [c]ourt. I am just not physically and medically able to perform today. . . . I'll just have to ask to be discharged I guess, Judge.

The court denied counsel's motion to withdraw and proceeded with sentencing Martinez.

[¶18.]     Although a circuit court has broad latitude to deny a request for a change of counsel, we balance this discretion against the defendant's Sixth

#27559

Amendment right to counsel. There is no question here that Martinez was left to fend for himself at sentencing. Counsel informed the court that she was physically and mentally unable to perform. She told the court that she had not adequately or diligently represented Martinez in preparation for sentencing, confirming that (as Martinez alleged) the presentence investigation report was incomplete. Also, at no point did the court afford Martinez "a full and fair opportunity to establish his reasons for seeking different counsel." *See Irvine*, 1996 S.D. 43, ¶ 10, 547 N.W.2d at 180. Rather, the court made clear that it would not appoint substitute counsel or continue sentencing.[2]

---

2.    In *State v. Beckley*, we explained that:

> In deciding whether to grant a continuance, a trial court must consider: (1) whether the delay resulting from the continuance will be prejudicial to the opposing party; (2) whether the continuance motion was motivated by procrastination, bad planning, dilatory tactics or bad faith on the part of the moving party or his counsel; (3) the prejudice caused to the moving party by the trial court's refusal to grant the continuance; and, (4) whether there have been any prior continuances or delays.

2007 S.D. 122, ¶ 21, 742 N.W.2d 841, 847 (quoting *In re J.G.R.,* 2004 S.D. 131, ¶ 15, 691 N.W.2d 586, 591). The circuit court did not consider these factors when it denied Martinez's counsel's request for a continuance. Rather, the court noted the number of previous continuances and the length of time Martinez had been incarcerated. On appeal, Martinez does not challenge the court's decision to deny counsel's request for a continuance. But we are troubled by the court's decision. The court refused to continue sentencing despite the fact that defense counsel insisted she was physically and mentally unable to perform *and* the court did not have a completed presentence investigation report to consider. At the hearing, Martinez's counsel informed the circuit court that she was waiting to hear from two different psychological experts and that because of her lack of availability she did not have ready Martinez's statement or letters on Martinez's behalf. In response, the court remarked that it did not "know of any other information that would change [its] mind as to the sentence that would be given in this matter." "Fundamental principles of procedural fairness apply with no less

(continued . . .)

-9-

#27559

[¶19.] The circuit court erred when it did not address Martinez's motion for a change of counsel. We need not remand for the court to hold a hearing on Martinez's motion because the facts are undisputed and establish good cause to appoint new counsel. We reverse Martinez's sentence and remand for the circuit court to appoint new counsel and conduct a new sentencing hearing. Because of our holding on this issue, we need not address Martinez's final issue asserting that his sentence is cruel and unusual.

[¶20.] Reversed and remanded.

[¶21.] GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and KERN, Justices, concur.

_____

(. . . continued)
force at the penalty phase of a criminal trial than they do in the guilt-determining phase of a criminal trial." *Id.* ¶ 25 (quoting *State v. Phelps*, 297 N.W.2d 769, 776 (N.D. 1980)).