REILLY, P.J.[1]
¶ 1 S.R.H. argues that the circuit court erred in denying his request for new counsel or to proceed pro se. As S.R.H.'s request to represent himself was not clear and unequivocal and as the court did not erroneously exercise its discretion in denying new counsel, we affirm.
Background
¶ 2 On February 20, 2018, Fond du Lac County filed a petition pursuant to WIS. STAT. § 51.20 for an extension of commitment.[2] S.R.H. was provided counsel on February 22, 2018, and the evidentiary hearing was set for March 13, 2018. On March 8, 2018, S.R.H. filed a motion for an independent evaluation, and on March 12, 2018, S.R.H. filed a motion for a jury trial.[3] In order to accommodate those requests, S.R.H. also requested, in writing, a seven-day extension permitted by statute and that his attorney withdraw. The circuit court granted the request for the extension, rescheduling the hearing to March 20, 2018; granted the request for the independent evaluation; denied the request for a jury trial as untimely; and denied the request to withdraw.[4]
¶ 3 At the commencement of the extension hearing on March 20, 2018, S.R.H. told the court that he wanted to "fire" his attorney. In response to the court's questions as to why, S.R.H. said, "Because it's my right. I have a right for three attorneys." The court responded, "No, you don't." The court then inquired as to what his complaint was with his counsel, to which S.R.H. said, "I don't like her." The court found S.R.H.'s reason for wanting to fire his counsel on the day of the evidentiary hearing as "insufficient." Shortly thereafter, S.R.H. inquired of the court: "Your honor, could I go pro se?" The court told S.R.H. to "[h]old on." The evidentiary hearing continued, and S.R.H. made no further inquiries regarding new counsel or his right to self-representation.
Analysis
¶ 4 We begin with whether S.R.H. had the "right" to fire his counsel. We conclude that the fact that S.R.H. did not "like" his counsel or his belief that he had the right to three attorneys did not require the court to grant S.R.H.'s request for new counsel given S.R.H.'s proffered reason and the fact that the request came at the commencement of the evidentiary hearing.[5] We examine such a request as a matter of discretion. State v. Lomax , 146 Wis. 2d 356, 359, 432 N.W.2d 89 (1988).
¶ 5 Lomax set forth three factors for a court to consider when evaluating whether the circuit court's denial of a motion for substitution of counsel was an erroneous exercise of discretion: "(1) the adequacy of the court's inquiry into the defendant's complaint; (2) the timeliness of the motion; and (3) whether the alleged conflict between the defendant and the attorney was so great that it likely resulted in a total lack of communication that prevented an adequate defense and frustrated a fair presentation of the case."Id.
¶ 6 The court did not err in denying S.R.H.'s request for new counsel. In writing on March 12, 2018, and in open court on March 20, 2018, S.R.H. made it known that he wanted his counsel to withdraw or that he wished to fire her. The initial request came on the eve of the scheduled hearing date and the oral request came during the evidentiary hearing-a hearing date which could not be statutorily extended. See WIS. STAT. § 51.20(10)(e) ; see also Lomax , 146 Wis. 2d at 361-62 ("Eleventh-hour requests are generally frowned upon as a mere tactic to delay the trial."). Most importantly, S.R.H.'s reason for discharging his counsel was not sufficient as found by the court.[6] The fact that S.R.H. did not "like" his counsel is not a sufficient reason given the evidence in the record revealing that S.R.H. communicated with his counsel before and during the extension hearing, obtained an independent evaluation and an extension to the original hearing date, and received adequate representation at the hearing on March 20, 2018. The court did not err in denying new counsel to S.R.H. under the factors set forth in Lomax .
¶ 7 We next address whether S.R.H.'s right to self-representation was violated. A defendant has a right to conduct his or her own defense under the Sixth Amendment of the United States Constitution as well as article I, section 7 of the Wisconsin Constitution. See Faretta v. California , 422 U.S. 806, 819 (1975). Whether a defendant's constitutional right to self-representation has been violated is a question of law that we review de novo. State v. Darby , 2009 WI App 50, ¶ 13, 317 Wis. 2d 478, 766 N.W.2d 770. A defendant who seeks to invoke the right to self-representation must "clearly and unequivocally" inform the trial court of the decision to self-represent. Faretta , 422 U.S. at 835 ; State v. Egerson , 2018 WI App 49, ¶ 11, --- Wis. 2d ----, 916 N.W.2d 833. A court has no duty to advise a defendant regarding his or her right to self-representation if the defendant has not clearly and unequivocally invoked that right. Egerson , 916 N.W.2d 833, ¶ 18.
¶ 8 During the evidentiary hearing, S.R.H. asked the court: "Your Honor, could I go pro se?" (Emphasis added.) The court told S.R.H. to "[h]old on," as the court was in the middle of connecting the witness by phone, and the issue was never raised again. S.R.H.'s inquiry as to whether he could go pro se during a statutorily mandated evidentiary hearing is not a clear and unequivocal invocation of the right to self-representation.[7] S.R.H. proceeded through the hearing and never raised the issue again.
¶ 9 In sum, S.R.H. has failed to meet the threshold issue-he did not clearly and unequivocally invoke his right to self-representation. S.R.H., at best, waffled between being represented by his counsel, wanting his counsel to withdraw, wanting to fire his counsel, wondering whether he could represent himself, and working with his counsel during the evidentiary hearing. The court did not err.
By the Court. -Orders affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(d) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

S.R.H. explained that the "issues in this case do not concern the sufficiency of the evidence or evidentiary rulings by the court" as it pertains to the commitment and medication orders, only the court's rulings pertaining to S.R.H.'s requests for new counsel and to proceed pro se. Thus, we do not address Wis. Stat. § 51.20.

S.R.H. brings no claim of ineffective assistance of counsel related to the late filing of the jury tender.

The circuit court ruled on the motions without a hearing.

S.R.H.'s previous commitment was scheduled to expire March 15, 2018. The extension hearing was initially scheduled for March 13, 2018; per statute, the court granted the extension.

S.R.H. proffers no statutory basis for a "right" to three attorneys, and we know of no such right.

Neither is S.R.H.'s expressed dissatisfaction with his current attorney or a request for another attorney "a clear and unequivocal declaration" that S.R.H. wanted to proceed pro se. State v. Darby , 2009 WI App 50, ¶ 26, 317 Wis. 2d 478, 766 N.W.2d 770.