COURT OF APPEALS
DECISION
DATED AND FILED

November 23, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1312-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2018CF3854

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DARRELL ANTHONY KILLEBREW,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: DAVID A. FEISS, Judge. *Reversed and cause remanded*.

Before Brash, C.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Darrell Anthony Killebrew appeals a judgment of conviction for one count of possession of a firearm by a convicted felon, one count of disorderly conduct as an act of domestic abuse with use of a dangerous weapon, and one count of threat to a law enforcement officer, with all counts as a repeat offender.  On appeal, Killebrew argues that the trial court erroneously exercised its discretion when it denied his request for a new attorney.  We agree, and thus, we reverse and remand this matter in order that the trial court may hold a retrospective hearing in which it addresses the reasons for Killebrew's request for a new attorney.

## BACKGROUND

¶2    The State filed criminal charges against Killebrew on August 16, 2018, and Attorney Mark Lipscomb was appointed as Killebrew's counsel.

¶3    Several months later, Killebrew wrote a letter to the trial court.  The letter was filed on January 17, 2019, and in it, Killebrew stated that he would like to have Attorney Lipscomb removed from his case because "we don't see eye to eye" and it was hard for Killebrew "to get through to him" as a result of Killbrew's mental illness.  The letter was mentioned at a hearing on February 6, 2019.  Killebrew, who was in custody, was not produced for the hearing; however, Attorney Lipscomb requested another final pretrial date because he received "a written message from [Killebrew] seemingly talking about the fact that he thinks he'd like to have a new lawyer."  The trial court did not address the issue further and set another hearing date.

¶4    Following the February 6th hearing, Killebrew wrote another letter to the trial court that was filed on February 12, 2019.  In this letter, Killebrew reiterated his request to have Attorney Lipscomb withdraw from his case because

he was receiving "very little" information from Attorney Lipscomb regarding his case and that Attorney Lipscomb was not abiding by Killebrew's instructions to file a request for a speedy trial.[1] There was no response to this letter, and then on March 29, 2019, Killebrew filed a third letter with the trial court, indicating that he would like Attorney Lipscomb to withdraw. In this letter, Killebrew described that he has not had contact with Attorney Lipscomb and he believed that Attorney Lipscomb was "no longer assisting [him] in [his] criminal charge." Attached to this letter, Killebrew included a letter that he had sent to Attorney Lipscomb, outlining his concerns about Attorney Lipscomb's representation.

¶5 On April 2, 2019, the parties appeared for a final pretrial hearing, and the trial court addressed the February and March letters from Killebrew. The trial court spoke to Attorney Lipscomb and inquired of him whether he had seen the letters, been in contact with Killebrew, and was still in a trial posture. Attorney Lipscomb responded in the affirmative, and he said:

> I have talked with my client [and] I'm satisfied that he knows that he can't switch lawyers and get a trial at the same time, which is what the nature of the letter talked about. I think he's distinctly determined that he wants to go ahead and he wants me to do so likewise because we went through a number of approaches.

Killebrew was present for this hearing. However, the trial court did not speak to Killebrew regarding the matter.

¶6 The case was scheduled for another hearing on July 15, 2019, at which time Attorney Lipscomb confirmed that Killebrew was still in a trial

---

[1] As both the parties indicate, Killebrew's request for a speedy trial was made in July, after the trial was adjourned for a second time after the victim fell ill and was unable to testify as a witness in the State's case at that time.

posture. There was no indication at that hearing, or any other subsequent hearing, that Killebrew no longer wished to proceed with Attorney Lipscomb as his counsel until the trial took place.

¶7    On October 14, 2019, the day the trial began, Killebrew voiced a concern about Attorney Lipscomb, saying he did not "feel comfortable with [his] lawyer." The trial court dismissed Killebrew's concern saying, "Well, we're on the day of trial. And I don't—I'm not going to let—this has been set multiple times." Additionally, the trial court confirmed that Attorney Lipscomb was prepared for trial and instructed Attorney Lipscomb and Killebrew to discuss the matter further during the break.

¶8    Following voir dire and the selection of the jury, the trial court concluded the proceedings for the day by asking if there was "[a]nything else we need to talk about this afternoon." Killebrew interjected saying:

> I'm firing my lawyer. I can't—everything that is going on in this courtroom, I don't even know. I don't even know half the things going on. They're taking advantage of my mental illness, and I can't talk to him. Every time I try to talk to him, he'll tell me—he'll tell me all the times that I've been trying to tell the jury. I'm been trying to tell you all. This man is not in my best interest. I don't understand why you're forcing me to go to trial. Man, he's not even— he's not even in my best interest. I don't even know what is going on. Half the things that I'm seeing going on in here, I don't even know what is going on. It's like I'm just getting pushed. You know what I'm saying? He's not helping me. I can't talk to him.

¶9    The trial court resolved the situation by addressing Attorney Lipscomb and confirming with him that he was ready to proceed with trial. Attorney Lipscomb responded in the affirmative and added, "I'm mildly aware of

4

all of the things my client just brought up." The trial court again addressed the situation:

> You will need to continue to discuss this with Mr. Killebrew. Mr. Killebrew, this is the—it's a speedy trial. It's been set for trial before. We are going to go forward with Mr. Lipscomb. He indicates that he's prepared.
>
> If there are issues that come up at the end of this trial, we will be able to talk about those. But we are going forward. Mr. Lipscomb ensures [sic] me that he's prepared and ready. And I can't let you fire your lawyer during the middle of a trial like this. So we are going to go forward, and we'll see what happens.
>
> If there is some problem with Mr. Lipscomb that— you know, an appellate court can look at that issue if you're convicted. But we are going to go forward. All right.

¶10 Killebrew was convicted following the jury trial and subsequently sentenced to twelve years of imprisonment, composed of six years of initial confinement and six years of extended supervision.[2] Killebrew appealed and now argues that the trial court erroneously exercised its discretion when it denied his request to have Attorney Lipscomb removed from his case.

## DISCUSSION

¶11 "Whether counsel should be relieved and a new attorney appointed in his or her place is a matter within the trial court's discretion." ***State v. Lomax***, 146 Wis. 2d 356, 359, 432 N.W.2d 89 (1988). To uphold the trial court's exercise of discretion, the trial court's determination "must be the product of a rational

---

[2] The jury returned not guilty verdicts on charges of kidnapping and battery and returned guilty verdicts on the charges for possession of a firearm by a felon, disorderly conduct, and threat to a law enforcement officer.

mental process by which the facts of record and law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination." *Id.* (citation omitted). In reviewing the trial court's decision, we must consider a number of factors including:

> (1) the adequacy of the court's inquiry into the defendant's complaint; (2) the timeliness of the motion; and (3) whether the alleged conflict between the defendant and the attorney was so great that it likely resulted in a total lack of communication that prevented an adequate defense and frustrated a fair presentation of the case.

*Id.* In this case, we conclude that the adequacy of the trial court's inquiry into Killebrew's complaint is dispositive and that the trial court erroneously exercised its discretion by failing to address the matter on the record with Killebrew.

¶12 Killebrew filed three separate letters with the trial court indicating that he wished to have Attorney Lipscomb removed from his case. These letters were mentioned at various hearings throughout the pretrial proceedings, but Killebrew was never directly addressed regarding his wish to have his trial counsel withdraw. *See State v. Jones*, 2010 WI 72, ¶31, 326 Wis. 2d 380, 797 N.W.2d 378 (concluding that the trial court's inquiry was adequate when it set a hearing "at which it asked Jones for his reasons for requesting substitute counsel"). Instead, the trial court repeatedly addressed the matter with Attorney Lipscomb, and it was not until Killebrew interrupted following voir dire and jury selection on the first day of his trial that the trial court even spoke to Killebrew directly. At that point, however, the trial court deemed Killebrew's concern to have been raised too late.

¶13 In Killebrew's case, as in *Lomax*, "[t]he trial court only knew that the defendant requested new counsel because he believed his interests were not

being properly represented." *See id.*, 146 Wis. 2d at 361. "The facts upon which this belief was based were not revealed to the court during the superficial inquiry." *Id.* Consequently, we deem the trial court's inquiry into the matter inadequate and, thus, an erroneous exercise of the trial court's discretion. "A judge should make a meaningful inquiry when the motion for change of counsel is made[.]" *Id.* at 362. Because this was not done here, the trial court must now conduct a retrospective hearing at which Killebrew is allowed to "present to the trial court his reasons for wanting to discharge his trial attorney." *See id.* at 364. "When all of the defendant's complaints about counsel are known to the judge, judicial discretion may be exercised[.]" *Id.* at 362.

¶14 The State argues that this situation is one in which the trial court may "summarily conclude without a full inquiry" that Killebrew's request should be denied. *See id.* at 361. We disagree. Such an instance where a trial court may make a summary conclusion applies where a defendant makes repeated requests for new counsel, following a request that has been fully vetted. *See id.* While Killebrew may have made repeated requests, the trial court never discussed them with Killebrew, let alone fully vetted the requests, and therefore, this case does not fit the type of request that may be summarily concluded without a full inquiry on the record.[3]

¶15 The State also implies that the trial court made a sufficient inquiry into Killebrew's request because Killebrew's request to have Attorney Lipscomb

---

[3] Even assuming that this was an instance in which the trial court could make a summary conclusion without a full inquiry, we additionally note that "[t]he trial court should briefly explain on the record that a full inquiry is not being afforded the defendant because sufficient attention has been given to the defendant's prior request." *See State v. Lomax*, 146 Wis. 2d 356, 361, 432 N.W.2d 89 (1988). The trial court did not do so in this case.

withdraw was an "eleventh-hour request," given that it was made on the day the trial began. In so doing, the State would have us believe that Killebrew's prior requests had been adequately addressed or even retracted. We are not persuaded that this is the case. The trial court never addressed Killebrew in response to his three written requests and simply communicated with Attorney Lipscomb. Thus, we reject any attempt by the State to argue that the trial court's inquiry was adequate given the timing of Killebrew's request at the "eleventh hour."

¶16    "Because the defendant was not allowed to explain his reasons for requesting new counsel, this court is unable to determine whether or not the trial court erred when it did not appoint new counsel." *See **Lomax***, 146 Wis. 2d at 363. Consequently, we do not address the remaining factors because of the inadequacy of the trial court's inquiry into Killebrew's complaint, and we conclude that the trial court erroneously exercised its discretion. Accordingly, we reverse and remand this matter with directions that the trial court conduct a retrospective hearing to address Killebrew's complaint and allow Killebrew to explain his reasons for requesting new counsel. Following this hearing, if the trial court determines that the request should have been denied, the judgment of conviction shall be reinstated. On the other hand, if the trial court determines following this hearing that the request should have been granted, it shall order a new trial.

*By the Court.*—Judgment reversed and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).