COURT OF APPEALS
DECISION
DATED AND FILED

May 27, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2024AP1339-CR**

Cir. Ct. No. 2020CF4074

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

KIDDCHOSEN G. CVIKEL,

      DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: DAVID L. BOROWSKI and DAVID C. SWANSON, Judges. *Affirmed.*

Before Donald, C.J., Colón, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Kiddchosen G. Cvikel appeals a judgment of conviction entered after he pled guilty to felony murder. He also appeals an order denying his motion for postconviction relief.[1] He claims that the trial court erred by failing to grant his pre-plea request for new counsel. He further claims that, in light of the trial court's alleged error, the circuit court should have granted his postconviction motion and permitted him to withdraw his guilty plea. We conclude that, by pleading guilty, Cvikel forfeited his claim of trial court error. We further conclude that the postconviction proceedings did not demonstrate a manifest injustice warranting plea withdrawal. Therefore, we affirm.

## BACKGROUND

¶2     The State charged Cvikel in 2020 with felony murder and with attempted armed robbery as a party to the crime. The state public defender appointed counsel for him.

¶3     Cvikel filed a letter with the trial court in early October 2021, asking for new counsel. However, when Cvikel next appeared in court, on November 22, 2021, no one mentioned the letter or raised the issue of new counsel. Instead, Cvikel resolved the charges with a plea agreement. The trial court conducted a colloquy with Cvikel and then accepted his guilty plea to felony murder. The second charge against him was dismissed and read in for sentencing purposes. The trial court subsequently sentenced Cvikel to a 37-year term of imprisonment.

---

[1] The Honorable David L. Borowski presided over the plea and sentencing in this matter and entered the judgment of conviction. We refer to Judge Borowski as the trial court. The Honorable David C. Swanson presided over Cvikel's postconviction motion and entered the order denying postconviction relief. We refer to Judge Swanson as the circuit court.

¶4 Following sentencing, the state public defender appointed postconviction counsel for Cvikel, and he moved for postconviction relief. As grounds, he claimed that the trial court had erroneously exercised its discretion by not addressing his request for new counsel. He requested a hearing on that claim and, if he prevailed, leave to withdraw his guilty plea.

¶5 The circuit court held a hearing at which Cvikel testified on his own behalf, and trial counsel testified for the State. Following the hearing and receipt of post-hearing memoranda, the circuit court denied postconviction relief. The circuit court assessed Cvikel's testimony at the hearing, including his allegation that trial counsel never discussed a plea with him, and the circuit court found that Cvikel was "just not credible." Rather, the circuit court found that "the transcripts here show that a plea was discussed on the record ... months before the plea was entered." The circuit court also rejected Cvikel's argument that he was "cemented to a lawyer with whom full and fair communication was impossible," finding that "the record here just does not support that determination." The circuit court particularly noted that at the plea hearing, the trial court conducted an extensive colloquy with Cvikel, and none of his answers reflected any concerns about his lawyer. The circuit court concluded that Cvikel entered his guilty plea knowingly, intelligently, and voluntarily, and that he failed to establish a basis for plea withdrawal. Cvikel appeals.

## DISCUSSION

¶6 Cvikel first asserts that the trial court erred when it failed to conduct an inquiry into his letter request for new counsel. *See State v. Lomax*, 146 Wis. 2d 356, 361-62, 432 N.W.2d 89 (1988) (holding that a trial court is required to inquire into a defendant's request for a change of counsel). We agree with the State that

3

this claim is forfeited. By rule, a plea other than not guilty constitutes a forfeiture of "all nonjurisdictional defects, including constitutional claims." *State v. Kelty*, 2006 WI 101, ¶18 & n.11, 294 Wis. 2d 62, 716 N.W.2d 886 (citation omitted). We reject Cvikel's suggestion that an exception to the rule exists for claims related to requests for new counsel. The law is otherwise. *See State v. Rockette*, 2005 WI App 205, ¶32, 287 Wis. 2d 257, 704 N.W.2d 382 (holding that a defendant's no-contest plea resulted in forfeiture of a challenge to an earlier order denying a motion to proceed pro se or with new counsel).

¶7      In light of the forfeiture rule, the State asks us to dispose of the entirety of Cvikel's postconviction litigation as a forfeited claim to replace his trial counsel. However, a defendant may raise claims related to errors occurring before a plea if those errors are "put forward as grounds for plea withdrawal." *State v. Villegas*, 2018 WI App 9, ¶47, 380 Wis. 2d 246, 908 N.W.2d 198. Here, Cvikel's postconviction motion included a request for plea withdrawal: Cvikel not only sought an opportunity to prove facts surrounding his request for new counsel but also asserted that the facts would entitle him to withdraw his plea. Moreover, the circuit court understood Cvikel to seek plea withdrawal and expressly denied that request. Accordingly, we turn to whether the circuit court erred by doing so.

¶8      Whether to permit plea withdrawal after sentencing "rests in the circuit court's discretion." *State v. Shallcross*, 2025 WI App 66, ¶35, 418 Wis. 2d 575, 28 N.W.3d 194 (citation omitted). Our review is therefore deferential. *See State v. Bentley*, 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996). We will uphold a circuit court's discretionary decision if the circuit court "undertook a reasonable inquiry and examination of the facts, and the record shows that there is a reasonable basis for the court's determination." *State v. Jeske*, 197 Wis. 2d 905, 912, 541 N.W.2d 225 (Ct. App. 1995) (citation modified). We will not overturn findings of

fact underlying discretionary determinations unless those findings are clearly erroneous. *State v. Holmgren*, 229 Wis. 2d 358, 366, 599 N.W.2d 876 (Ct. App. 1999). Because the exercise of discretion is so essential to a circuit court's functioning, we search the record for reasons to sustain a discretionary decision. *See Jeske*, 197 Wis. 2d at 912.

¶9      A defendant seeking to withdraw a guilty plea after sentencing must demonstrate to the circuit court, by evidence that is clear and convincing, that the circuit court should permit plea withdrawal "to correct a 'manifest injustice.'" *State v. Thomas*, 2000 WI 13, ¶16, 232 Wis. 2d 714, 605 N.W.2d 836 (citations omitted). To establish a manifest injustice, the defendant must show that there are "serious questions affecting the fundamental integrity of the plea." *State v. Dillard*, 2014 WI 123, ¶36, 358 Wis. 2d 543, 859 N.W.2d 44 (citation omitted).

Our supreme court has recognized six scenarios that may constitute a manifest injustice warranting plea withdrawal:

> (1) ineffective assistance of counsel; (2) the defendant did not personally enter or ratify the plea; (3) the plea was involuntary; (4) the prosecutor failed to fulfill the plea agreement; (5) the defendant did not receive the concessions tentatively or fully concurred in by the court, and the defendant did not reaffirm the plea after being told that the court no longer concurred in the agreement; and, (6) the court had agreed that the defendant could withdraw the plea if the court deviated from the plea agreement.

*State v. Taylor*, 2013 WI 34, ¶49, 347 Wis. 2d 30, 829 N.W.2d 482 (citations omitted). Cvikel did not allege the existence of any of those six scenarios. He conceded at the plea withdrawal hearing that he was not challenging the voluntary

nature of his plea or alleging ineffective assistance of trial counsel.[2]  He did not suggest that any of the remaining four scenarios outlined in *Taylor* had any application to his case.  Cvikel instead tied his claim for postconviction relief to a scenario that *Taylor* does not list, namely, an allegation that he was unable to communicate with trial counsel.  *See State v. Jones*, 2007 WI App 248, ¶13, 306 Wis. 2d 340, 742 N.W.2d 341 (emphasis omitted) (explaining that an "indigent defendant is entitled to a lawyer with whom he or she can communicate").

¶10    For the sake of argument, we will assume without so holding that inability to communicate with trial counsel, standing alone, may constitute a manifest injustice that is distinct from a claim of ineffective assistance of counsel. *Cf. id.* (concluding that an inability to communicate with counsel "would make a mockery of the hallowed right to effective legal representation"); *but see United States v. Volpentesta*, 727 F.3d 666, 674 (7th Cir. 2013) (reflecting the 7th Circuit's view that communication between attorney and client is "but one facet of the general inquiry into whether counsel was effective").  A defendant, however, must prove inability to communicate with counsel before any relief is warranted.  *Jones*, 306 Wis. 2d 340, ¶19 (holding that a hearing-impaired defendant would be entitled to a new trial if the defendant could prove an inability to communicate with the attorney who represented him at trial).  Here, the circuit court considered Cvikel's argument that "full and fair communication [with trial counsel] was impossible," and the circuit court found that "the record just doesn't bear that out."  We see no error.

---

[2] We observe that Cvikel's trial counsel and postconviction counsel were both employees of the state public defender's office, reflecting the state public defender's determination that the case did not present an arguable claim that trial counsel was ineffective. *See* WIS. ADMIN. CODE § PD 2.11(2) (through Nov. 2024) (providing that "[t]he state public defender shall assign to independent private counsel any case in which a staff attorney of the state public defender's office provided trial representation and it is arguable that the client was not afforded effective representation").

¶11 The record shows that the trial court asked Cvikel during the plea colloquy: "You're able to communicate with your attorney; is that correct?" Cvikel answered: "That's correct." The trial court also asked Cvikel during the colloquy whether he had reviewed the plea questionnaire and jury instructions with his attorney, and Cvikel said that he had done so. Cvikel's subsequent testimony at the postconviction hearing included admissions that he had received multiple visits from trial counsel while in jail prior to his plea, that counsel asked him many questions during those visits, and that trial counsel agreed to "see what he c[ould] do" in regard to a suppression motion that Cvikel wanted to pursue. The circuit court's finding that Cvikel could communicate with trial counsel is thus supported by the record and is not clearly erroneous. Accordingly, assuming that inability to communicate with counsel constitutes a manifest injustice that could warrant plea withdrawal, Cvikel failed to carry his burden to prove that circumstance.

¶12 We conclude by emphasizing that we have no quarrel with Cvikel's contention that a trial court should explore a defendant's request for new counsel before taking steps to advance the case. *Lomax* requires such an inquiry, which serves the interests of the parties, the courts, and the public in ensuring both timely consideration of a defendant's complaints about counsel and protection of "societal interest in the prompt and efficient administration of justice." *Id.*, 146 Wis. 2d at 359-60. Like other important issues and nonjurisdictional claims, however, the right to seek substitution of counsel before trial does not survive a valid guilty plea. *See Villegas*, 380 Wis. 2d 246, ¶47. Here, Cvikel gave up the opportunity to claim that he was denied the opportunity to proceed with new counsel when he elected to plead guilty. *See Rockette*, 287 Wis. 2d 257, ¶32. He then failed to show that his guilty plea constituted a manifest injustice. For all the foregoing reasons, we affirm.

*By the Court.*—Judgment and order affirmed.

7

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.